## STATE OF MAINE *vs.* JOHN DORR.

### Waldo.   Opinion February 15, 1890.

82  341
92  425
92  428

*Intoxicating liquors.  Indictment.  Pleading.  Prior conviction.*
R. S., c. 131, § 12.

That an offense is alleged to be contrary to the form of the "statue" instead of the "statute," does not vitiate an indictment.

It is not necessary that an indictment for a single sale of intoxicating liquor, should specify the particular variety of intoxicating liquor sold.

Stating a prior conviction to have been in the year 1088 is not a sufficient allegation of a prior conviction.

An insufficient allegation of a prior conviction, does not vitiate the indictment as to the new offense therein charged.

ON EXCEPTIONS.

The indictment charged that the defendant had sold "a quantity of intoxicating liquors" without lawful authority, and that he had been convicted of a prior single sale at a term of court held in the year one thousand and eighty-eight.

The respondent filed a general demurrer to the indictment, which was joined by attorney for the state.   The presiding justice overruled the demurrer and adjudged the indictment sufficient.   To this ruling the respondent excepted.

*W. P. Thompson and R. F. Dunton,* for defendant.

Allegation of former conviction should correctly describe term of court, when such conviction was had.

The indictment concludes, contrary to the form of the "statue," this is bad, as "statue" cannot be construed to mean "statute." *State* v. *Soule,* 20 Maine, 19, 20.

Indictments should allege the kind of liquors sold.   R. S., c. 27, § 33 ; 5th Const. Amendment.

*Albert F. Sweetser,* county attorney, for the state.

The substitution of the word "statue" for "statute" in the printed form of the indictment is evidently a clerical error, and, as such, cannot vitiate the indictment.

Bouv. Law Dic.; 1 Bish. Cr. Proc. 354, 357. The defendant is not prejudiced by error in the spelling of a single word in the formal part of the indictment, as the allegations of the substantial facts are sufficiently full and particular to identify the offense and the offender. R. S., c. 131, § 12.

Counsel also cited:

R. S., c. 27, § 57. *State* v. *Hurley*, 69 Maine, 573, 576; *State* v. *Gorham*, 65 Maine, 270; *State* v. *Wentworth*, Id. 234, 247; R. S., c. 27, § 33; Bish. Stat. Cr. 1038; *Com.* v. *Conant*, 6 Gray, 482; *Com.* v. *Ryan*, 9 Gray, 137; *State* v. *Wyman*, 80 Maine, 117, 118.

EMERY, J. The respondent makes several objections to the indictment:—

1. That his offense is alleged to be contrary to the form of the "statue," instead of contrary to the form of the "statute." If this objection could ever have prevailed, it cannot now, since the enactment of R. S., c. 131, § 12, which provides that the entire omission of the words "contrary to the form of the statute, etc.," shall not vitiate the indictment.

2. That the indictment does not specify the particular kind of intoxicating liquor he unlawfully sold. No such specification is necessary. The statute in terms forbids the sale of intoxicating liquor. Proof of sale of any intoxicating liquor, proves the offense. The state need not allege more than it need prove. *State* v. *Wyman*, 80 Maine, 117, 118.

3. That in alleging a prior conviction of a similar offense, the time of such prior conviction is stated to be in the year 1088, and hence before any state of Maine existed to be offended by such a sale. This clearly is not a sufficient allegation of a prior conviction. It is an allegation of an impossibility. There could not have been any such conviction. The conviction alleged being impossible, the whole allegation should be disregarded.

But the insufficiency of the allegation of a prior conviction, does not vitiate the indictment as to the main offense charged. The sale of liquor now complained of is sufficiently alleged. By his demurrer, he has confessed an offense properly charged against

him; and no reason appears why he should not be adjudged guilty of that offense, whatever may have been the fact as to prior conviction. The offense he now stands charged with, is the same in kind and grade in either case. There might be a difference in the degree, but not in the nature of the penalty.

The indictment therefore can be sustained, but the state can not have any judgment that the respondent has been before convicted. *State* v. *Conwell*, 80 Maine, 80.

> *Exceptions overruled. Judgment for state for first offense.*

PETERS, C. J., VIRGIN, LIBBEY and FOSTER, JJ., concurred.