## STATE *vs.* GRANT FARNHAM.

### Lincoln.    Opinion January 31, 1921.

*Indictment under R. S., Chap. 126, Sec. 6, for taking indecent liberties with a female child under sixteen years of age.    Language of the statute sufficient to meet the tests of certainty and precision.    A general motion to set aside a verdict in a criminal case as against evidence, and grant a new trial, is not cognizable by the Law Court.    Such motion should be presented to the presiding Justice, and if overruled by him, an appeal may be taken in case of a felony to the Law Court.*

An indictment under R. S., Chap. 126, Sec. 6, alleging that A. of etc., at etc., "on the first day of July, in the year of our Lord one thousand nine hundred and nineteen, being more than twenty-one years of age, did take indecent liberties with the sexual parts of one B, a female child under the age of sixteen years, against the peace of the State and contrary to the form of the statute in such case made and provided," must be held sufficient, upon motion in arrest of judgment, against the contentions:

1.    That it does not allege that at the time of the commission of the alleged offense the respondent was twenty-one years or more of age.

2.    That it does not allege that the child, with whom the offense is alleged to have been committed, was under the age of sixteen years at the time of the commission of the offense charged.

3. That it does not set out specific acts of the defendant which constitute the indecent liberties of which he is accused.

The indictment charges the offense in the language of the statute, and that language is sufficient to meet the tests of certainty and precision.

A general motion to set aside the verdict in a criminal case as against evidence. and to grant a new trial, is not cognizable by the Law Court; it should be presented to the presiding Justice; if overruled by him, an appeal may be taken in case of a felony to the Law Court.

On exceptions and motion by respondent. An indictment was found against respondent under R. S., Chap. 126, Sec. 6, alleging the taking of indecent liberties with a female child under sixteen years of age. The case was tried to a jury and a verdict of guilty returned. After the verdict and before judgment the respondent filed a motion in arrest of judgment which was overruled by the presiding Justice, and respondent excepted. The respondent also filed a general motion to set aside the verdict, and grant a new trial, which was not presented to the presiding Justice, but taken directly to the Law Court, without the presiding Justice either granting or overruling such motion, and an appeal taken from such ruling to the Law Court. Exceptions overruled. Motion dismissed. Judgment for the State.

Case is stated in the opinion.

*G. A. Cowan, County Attorney,* for the State.

*W. H. Hilton,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, MORRILL, WILSON, JJ.

MORRILL, J. The motion in arrest of judgment in this case challenges the sufficiency of an indictment found under R. S., Chap. 126, Sec. 6, in three particulars:

1. Because it does not allege that at the time of the commission of the alleged offense the respondent was twenty-one years or more of age. The allegation is, "that Grant Farnham, of Boothbay Harbor etc., on the first day of July, in the year of our Lord one thousand nine hundred and nineteen, being more than twenty one years of age, did take" etc. The argument of defendant's counsel is that the averment as framed may as well refer to the time of finding the indictment as to the time of the commission of the offense.

This contention cannot be sustained. "A material averment may sometimes be introduced with as much clearness and certainty by means of the participial clause commenced by the word "being," as

in the form of the direct proposition of a declarative sentence." *State* v. *Dunning*, 83 Maine, 181. While a careful observance of the rules of pleading would lead the pleader to use the word "then," or the words "then and there," after the word "being," such use of the adverb is not necessary when the participial clause refers to the person and precedes the verb.

Thus in the early case of *Rex* v. *Moore*, 2 Mod., 128, upon an information on the St. 4 and 5 Phil. & M. c. 8 averring that the defendants "being above the age of fourteen years, took A. then being a virgin unmarried" etc., it was held that the *existens*, added to the person, carries the tense to the time of the offense committed; so in Johnson's Case, Cro. Jac., 609; and in *Rex* v. *Ward*, 2 Ld., Raymond 1467 it was held that the allegation "being chargeable to deliver three hundred and fifteen tons of alum" (*existens onerabilis ad deliberandum*) referred not to the time of exhibiting the information, but the committing of the offense; and referring to *Rex* v. *Moore*, supra, the report says, "In the case of Moore the *existens* precedes the verb *ceperunt*, and so refers and is tied up to time of the taking;" thus cases of this kind are distinguished from Bridge's Case, Cro. Jac. 639, and the like.

2. Because the indictment does not allege that the child, with whom the offense is alleged to have been committed, was under the age of sixteen years at the time of the commission of the offense charged; the language is, "Dorathy Bucklin, a female child under the age of sixteen years." While it is usual to allege the exact age, for example, "to wit, of the age of nine years," the averment is sufficient and, as to the objection here raised, conforms to approved precedents. Bishop's Directions and Forms, Page 500, note 4. It is evident that the allegation must refer either to the time of finding the indictment or of the commission of the offense. If the child was under sixteen years of age when the indictment was found, she must have been under that age at any previous time.

3. Because the indictment does not set out specific acts of the defendant which constitute the indecent liberties of which he is accused. The crime is created and made punishable by statute, and the indictment follows the language of the statute in charging that the respondent, on a day named, "did take indecent liberties with the sexual parts of one Dorathy Bucklin, a female child under the age of sixteen years." Although the words of the statute are used, the

indictment is insufficient unless the facts constituting the offense are expressly set forth with such fullness and precision as to apprise the respondent of the charge which he must meet, and to enable him to prepare his defense, to enable him to plead the judgment, whether of conviction or acquittal, in bar of a later prosecution, and to enable the court to determine whether the facts stated in the indictment are sufficient to support a conviction. These familiar principles are at the foundation of the constitutional protection of every citizen. *State* v. *Learned,* 47 Maine, 426. *State* v. *Mace,* 76 Maine, 64. *State* v. *Munsey,* 114 Maine, 408. *State* v. *Crouse,* 117 Maine, 363.

When one is indicted for any offense, the presumption is that he is innocent thereof, and consequently that he is ignorant of the facts on which the pleader founds his charges; and it is a fundamental rule that the sufficiency of an indictment must be tested on the presumption that the defendant is innocent of the charge and has no knowledge of the facts charged against him in the pleading. He is unable to secure and present the evidence in his defense—indeed, he is deprived of all reasonable opportunity to defend—unless the indictment clearly discloses the facts upon which the charge of the commission of the offense is based. *Miller* v. *U. S., C. C. A.,* 133 Fed. 337, 341. *Fontana* v. *U. S., C. C. A.,* 262 Fed., 283, 286. These observations are very pertinent when the crime is of the character here charged, a charge easily made, but difficult of refutation except by the denial of the accused.

The statute is of recent origin in this State. It reads:

"Whoever, being twenty one years or more of age, takes any indecent liberty or liberties, or indulges in any immoral practice or practices, with the sexual parts or organs of any other person, male or female, under the age of sixteen years, either with or without the consent of such male or female person, shall, upon conviction thereof, be punished" etc.

Does this statute so fully set out the facts which constitute the offense, that an indictment framed upon it and containing no other averments will meet the above tests? We think that it does. If the statute had read, "takes any indecent liberty or liberties with any other person" etc., and the indictment, following such statute, had charged that the respondent "did take indecent liberties with one Dorathy Bucklin" etc., the averment probably would have been insufficient for want of a statement of the acts actually committed, (see form of indictment for indecent assault under St. 14 and 15 Vict.

Chap. 100, Sec. 29, given in 1 Arch. Cr. Pr. & Pl., 1023, Pomeroy's Ed.) or for want of an allegation that a more particular description of the acts committed is "too obscene and too gross to be spread upon the record of the court," as in Butler's Case, 268 Ill., 635, 637. But here the allegation is that the respondent "did take indecent liberties with the sexual parts of one Dorathy Bucklin, a female child under the age of sixteen years;" we think that this allegation is sufficient to apprise the respondent of the charge which he must meet. See *State* v. *Haddock*, (N. C.), 13 S. E., 714.

We think that it is also sufficient to enable the respondent to plead the judgment in bar of a later prosecution. The statute describes the offense in the disjunctive; yet we think the acts prohibited constitute but one offense which may be charged in the conjunctive or may be charged by alleging either description of the offense. It is difficult to see how acts which can be considered as taking indecent liberties with the sexual organs are not also the indulgence of immoral practices with such organs. Therefore the judgment upon this indictment may be pleaded successfully to a later prosecution, although such later indictment may charge the indulgence of immoral practices. The evidence necessary to support such second indictment would be sufficient to procure a legal conviction on the present indictment; therefore the second is barred by a conviction or acquittal on the present. 2 Wharton's Crim. Pr. Sec. 1407. Tenth Ed. If the same acts constitute another and different offense, as, for example, assault with intent to commit statutory rape, the respondent may be punished for the other offense. *State* v. *Inness*, 53 Maine, 536. *State* v. *Jellison*, 104 Maine, 281.

The record contains a general motion that the verdict be set aside as against evidence, and a new trial granted.

But this motion is not properly before us; it should have been presented to the Justice sitting at nisi prius; if overruled by him, an appeal might have been taken to the Law Court. In the case under consideration the motion was not presented to the trial Judge; he did not rule upon it and no appeal was taken. The motion must be dismissed. *State* v. *Perry*, 115 Maine, 203. *State* v. *Steeves*, id., 220. *State* v. *Googins*, id., 373.

*Exceptions overruled.*
*Motion dismissed.*
*Judgment for the State.*