James **RAMSEY**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

April 12, 1967.

Charles A. Lane, Portland, for plaintiff.

John W. Benoit, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN and DUFRESNE, JJ.

WILLIAMSON, Chief Justice.

This appeal from the dismissal of a petition for post-conviction habeas corpus brought under 14 M.R.S.A. Sec. 5502 is denied.

The petitioner in September 1963 in the Cumberland County Superior Court was convicted by a jury on two charges of taking indecent liberties with two young boys, aged eight and ten years. He is presently serving his sentence in the State Prison.

■ First: The petitioner in his petition charged error in that the first count of the two count indictment did not conclude with the words "against the peace of said State, and contrary to the form of the statute in such case made and provided." The quoted words are in the printed form of the indictment following the second count.

The claim is without merit. The statute (15 M.R.S.A. Sec. 755) has so provided since R.S.1841, c. 172, Sec. 138.

"That his offense is alleged to be contrary to the form of the 'statue,' instead of contrary to the form of the 'statute.' If this objection could ever have prevailed, it cannot now, since the enactment of Rev.St. c. 131, § 12, which provides that the entire omission of the words, 'contrary to the form of the statute,' etc., shall not vitiate the indictment." State v. Dorr, 82 Me. 341, 342, 19 A. 861.

■ Second: The second alleged defect in the indictment is that the indictment was void in that the taking of indecent liberties was charged in the disjunctive. The indictment in each count reads that the petitioner "did take indecent liberties with the sexual parts or organs of a male person."

The pertinent part of the statute reads:

"Whoever, having attained his 21st birthday, takes any indecent liberty or liberties or indulges in any indecent or immoral practice or practices with the sexual parts or organs of any other person, male or female, * * *." 17 M.R.S.A. Sec. 1951.

This claim of error is also without merit.

In State v. Farnham, 119 Me. 541, at p. 545, 112 A. 258, at p. 259, in considering a motion in arrest of judgment challenging the sufficiency of an indictment for indecent liberties under a statute similar to that under consideration, the Court said:

"But here the allegation is that the respondent 'did take indecent liberties with the sexual parts of one * * *, a female child under the age of sixteen years'; we think that this allegation is sufficient to apprise the respondent of the charge which he must meet. * * *

"We think that it is also sufficient to enable the respondent to plead the judgment in bar of a later prosecution. The statute describes the offense in the disjunctive; yet we think the acts prohibited constitute but one offense which may be charged in the conjunctive or may be charged by alleging either description of the offense.

"It is difficult to see how acts which can be considered as taking indecent liberties with the sexual organs are not also the indulgence of immoral practices with such organs. Therefore the judgment upon this indictment may be pleaded successfully to a later prosecution, although such later indictment may charge the indulgence of immoral practices. The evidence necessary to support such second indictment would be sufficient to procure a legal conviction on the present indictment; therefore the second is barred by a conviction or acquittal on the present."

The same principles are here applicable.

■ The crime here charged is the same whether the indictment reads "parts" or "organs." The petitioner was placed at no disadvantage whatsoever by the use of the word "or" in the indictment. He knew precisely with what he was charged. The language is plainly sufficient to permit him to plead the judgment in bar of a later prosecution. Jeopardy on an indictment reading only "sexual parts" would protect an accused against a charge reading "sexual organs."

■ Third and lastly: The petitioner objects that the petition for writ of habeas corpus was dismissed on its face without appointment of counsel as requested by him. This issue was carefully considered in Brine v. State of Maine, 160 Me. 401, 205 A.2d 12 (1964). No useful purpose will be gained by repeating the reasons for our decision. We are not aware of any later rulings by the Supreme Court which would benefit the petitioner. As we said in Brine, supra, at p. 407, 205 A.2d at p. 13: "The justice below correctly found the petition to be without merit on its face. He was therefore required by the statute to decline to appoint counsel."

The decision of the presiding Justice was correct. The indictment was valid on its face under established principles of law; the petitioner was not entitled to an appointed counsel under the circumstances.

We note the State provided counsel for the petitioner on this appeal.

The entry will be

Appeal denied.

TAPLEY and RUDMAN, JJ., did not sit.