**STATE of Maine**

**v.**

**Paul A. LINDSEY.**

Supreme Judicial Court of Maine.

June 25, 1969.

Albert Chick Blanchard, County Atty., Bangor, Peter T. Dawson, Asst. Atty. Gen., Augusta, for plaintiff.

Edward Stern, Bangor, for defendant.

Before WEBBER, TAPLEY, MARDEN, DUFRESNE, WEATHERBEE, JJ.

TAPLEY, Justice.

On appeal. Appellant was tried and convicted of the crime of taking indecent liberties with a female child of 15 years. He was found guilty of the offense by a jury and sentenced to 5 months in the County Jail. The defendant at the time of the alleged act was 27 years of age.

The indictment was couched in the following language:

"That on or about the twentieth day of April, 1967 in the Town of Dixmont, County of Penobscot, and State of Main, PAUL A. LINDSEY being then and there over the age of twenty-one years, to wit: of the age of twenty-seven years, did then and there unlawfully and feloniously take indecent liberties with the sexual parts or organs of another person, to wit: one (complainant), a female under the age of 16 years, to wit: of the age of 15 years."

Appellant's points of appeal are:

1. The Court erred in his charge to the jury in stating that sexual intercourse between a 15 year old girl and a man over 21 years is indecent liberties within the meaning of the statute, whether there was consent or not;

2. The verdict was against the law and the evidence;

3. The statute which defendant is alleged to have violated is unconstitutional.

The carnal knowledge statute is 17 M.R.S.A., Sec. 3152 and reads as follows:

"Whoever, having attained his 18th birthday, has carnal knowledge of the body of any female child who has attained her 14th birthday but has not attained her 16th birthday shall be punished by a fine of not more than $500 or by imprisonment for not more than 2 years. This section shall not apply to cases of rape as defined in section 3151."

Counsel contends that because the evidence shows there was an act of intercourse between the defendant and the girl he should have been indicted and tried under Sec. 3152 rather than the indecent liberties statute, Sec. 1951. Counsel furthers his argument by saying that it would be illegal to punish a respondent for having carnal knowledge of a female between 14 and 16 years of age by charging him with an indictment alleging indecent liberties, as the latter offense carries a much higher penalty.

The question presented in this case is whether or not a person over 21 years of age, who has intercourse with a young girl between 14 and 16 years of age, is guilty of the crime of indecent liberties where there is a carnal knowledge statute covering the same factual situation. Circumstances under which the act was performed determined the category in which the act was placed.

" 'Indecent liberties' within statute relating to taking indecent liberties with person of girl under age of 16 years, mean such liberties as the common sense of society would regard as indecent and improper, and the liberty taken may be indecent even if consented to by one capable of giving consent * * *." Words and Phrases, "Indecent Liberties Vol. 20A, page 528.

In State v. Winger, 41 Wash.2d 229, 248 P.2d 555, at page 557, the Court approved the following instruction as a definition of "indecent liberties:"

" 'The term "indecent liberties" is incapable of a precise legal definition. However, for the purpose of this case you are instructed that an indecent liberty is a privilege or license taken in violation of the laws of propriety, and is such an act or acts as the common sense of society would regard as indecent and improper, and offensive to modesty and decency.' "

In the recent case of State v. Miller, Me., 253 A.2d 58 (1969) the defendant was charged with two offenses by two counts in a single indictment, one count charging him with taking indecent liberties and the other with carnal knowledge. He pleaded not guilty and upon trial was found guilty on each count. He was sentenced on each count, the sentences to run concurrently. The prosecutrix was 14½ years old. The evidence showed sexual intercourse had taken place between the defendant and

the prosecutrix, which was the basis of the two crimes. The Court said: "She described certain conduct on the part of the defendant during her parents' absence which, if properly accepted by the jury, satisfied the requirements of proof of each of the two alleged offenses." It is to be noted that the Miller case was not up on appeal from any question involving the crimes alleged in the indictment but rather on evidentiary matters.

■ Maine recognizes the fact that certain proven facts may constitute a violation of two different statutes. In State v. Farnham, 119 Me. 541, 112 A. 258 the defendant was charged with taking indecent liberties with a female child under 16 years of age. The Court said, on page 545, 112 A. on p. 259:

"If the same acts constitute another and different offense, as, for example, assault with intent to commit statutory rape, the respondent may be punished for the other offense."

In the instant case the State saw fit to indict under the indecent liberties statute. The jury could believe, and apparently did believe, that the girl was under 16 years of age; that the defendant was 27 years of age, and that the defendant committed an act prohibited by statute, being an act which violated the "code of morals and generally accepted standards of society."

■ The defendant argues that the indictment was fatally defective in that it failed to allege the specific acts constituting the taking of indecent liberties. The language in the indictment was legally sufficient. State v. Farnham, supra.

■ Defendant takes issue with a portion of the instructions, claiming that they do not take in due consideration the legislative distinction between carnal knowledge and indecent liberties. That portion of the instructions objected to reads as follows:

"I specifically instruct you as a matter of law that sexual intercourse as the witness explained and as you and I understand, between a 15-year-old girl and a man over 21 would be indecent liberties within the meaning of the indictment and the meaning of the statute. And this whether or not there was consent, consent being no element, lack of consent being no element in the offense and consent being no defense to prosecution for the offense. This is true because the statute is intended to protect persons of tender years from themselves as well as from older persons."

We find no error in these instructions.

■ Counsel for the appellant contends that it would be illegal to punish a respondent for having carnal knowledge of a female between 14 and 16 years of age by bringing the indictment under the indecent liberties statute which carries a heavier penalty. It may appear inconsistent that where the same facts produce two separate and independent crimes, the offense of taking indecent liberties is punishable by a far more severe sentence than the offense of carnal knowledge. Upon examination, however, a rationale for legislative action becomes manifest. 17 M.R.S.A., Sec. 3152 (carnal knowledge) deals only with the situation where the victim is a female between the ages of 14 and 16. Although the law properly protects such a child, the limits of possible sentence may reflect the fact that a victim in this age group is more likely to understand the nature and consequences of the act and, absent force, to be capable of rejecting the unlawful advances than would a younger child. On the other hand, 17 M.R.S.A., Sec. 1951 (indecent liberties) is designed to protect every child, both male and female, below the age of 16. The increased penalty limits coincide with the broad protective scope of the statute and afford the sentencing court authority to punish with greater severity the offender who molests a little child too young to comprehend the nature of the act.

We find that 17 M.R.S.A., Sec. 1951 is constitutional.

A careful review of the record demonstrates the fact that there is sufficient evidence to warrant the finding of guilt.

The entry will be,

Appeal denied.

Judgment for the State.

WILIAMSON, C. J., did not sit.