**STATE of Maine**

**v.**

**Robert D. STODDARD.**

Supreme Judicial Court of Maine.

March 28, 1972.

Jonathan R. Luce, County Atty., Farmington, for plaintiff.

Wathen & Wathen, by Daniel E. Wathen, Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

The indictment which brought this defendant before the Court alleged he did "feloniously take indecent liberties with the sexual parts of one [name omitted], a female child who was then and there under the age of 16 years . . ." [1]

Trial was had before a jury in Franklin County Superior Court. Upon the jury's verdict of guilty, judgment of conviction was entered against the defendant. From that judgment defendant has seasonably appealed to this Court, raising 4 claims of error.

1) Defendant's pretrial motion for change of venue was erroneously denied.

2) The indictment should have been dismissed since the term "indecent liberties" is used to describe various types of conduct and therefore lacks the required specificity.

3) It was error for the Presiding Justice to instruct the jury that a verdict of guilty of attempt was permissible if they found as a fact that the technical elements of taking indecent liberties were not established by the evidence.

4) The evidence was insufficient to support the verdict.

We must deny the appeal.

In support of the motion for change of venue,[2] the defendant filed the affidavit of a private detective. This affidavit reported interviews of 7 persons from the Wilton, Maine, business community, all of whom claimed to be satisfied of the defendant's guilt.

The affidavit also indicated the existence of a rumor which had been heard by some of the 7 that there was prior involvement by this defendant with some similar offense.

■ A motion for change of venue is addressed to the sound discretion of the trial Court. In the absence of abuse of discretion, the decision of the Presiding Justice is final. State v. Beckus, Me., 229 A.2d 316 (1967).

■ Generally, in order to establish a denial of due process there must be a nexus shown between the community prejudice and an alleged jury prejudice. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L. Ed.2d 751 (1961).

In some cases it has been recognized there can be such inherently prejudicial publicity prior to trial that an actual nexus need not be shown. Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963); Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965); Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). See also State v. Beckus, supra, and State v. MacDonald, Me., 229 A.2d 321 (1967).

■ In the present case, however, there is no claim of prejudicial pretrial publicity.

The record does not indicate whether any members of the jury were from Wilton, Maine. We do not imply that if such were the case, the mere presence of a juror from Wilton would manifest partiality requiring a change of venue, or that denial of a change would result in a finding of abuse of judicial discretion.

In the present case, defendant does not argue that the jurors who heard the evidence were actually not impartial. No objection was made to individual members of the jury as provided by 14 M.R.S.A. §

---

1. Originally the indictment contained two additional counts which were dismissed before trial on defendant's motion.

2. Maine Rules of Criminal Procedure, Rule 21.

1303.[3] There is no indication that the jury selection process which is statutorily designed to afford protection to defendants was inadequate. There is before us no record of the *voir dire* examination conducted in this case. The record that is before us is devoid of any indication that defendant was not satisfied with the panel as constituted until after verdict.

The most that can be said on the record is that some persons in Wilton were prejudiced against the defendant, which prejudice was based upon having heard rumors that the defendant was involved in some offense prior to the time this offense was alleged to have been committed.

We find there was no abuse of judicial discretion on the part of the Presiding Justice.

█ Defendant also argues that the indictment failed to sufficiently inform him of the offense of which he was charged. The indictment in this case is substantially in form the same as the indictments approved by this Court in State v. Farnham, 119 Me. 541, 112 A. 258 (1921) and State v. Lindsey, Me., 254 A.2d 601 (1969).

We conclude then the indictment was sufficient to charge violation of the statute (17 M.R.S.A. § 1951) which statute has been held to be constitutional.

█ State v. Lindsey, supra, controls disposition of the issue raised by Point 2 of Appellant's Points of Appeal.

The defendant contends that the charge of "taking indecent liberties" has been used in prosecutions encompassing various types of conduct from offensive touching, through attempt at sexual intercourse, to sexual intercourse itself.

He could not then, he says, know what specific acts were charged and against which he had to defend. It is never requisite that an indictment should disclose the

evidence by which it is to be supported. State v. Dunn, 136 Me. 299, 8 A.2d 594 (1939).

In answer we say that discovery procedure was available to this defendant and, in fact, was used by him. He had in his possession prior to the trial a transcript of the testimony of the complaining witness given at the probable cause hearing in the District Court.

He also had a copy of a written statement she had given. The State furnished particulars as to the specific day and time the alleged indecent acts took place.

We think it clear from all this the defendant was completely informed as to the evidence the State had in its possession and would be expected to produce at the trial.

The jury instruction, about which the defendant complains, was that one possible verdict was guilty of attempted indecent liberties. The elements of an attempt were correctly described.

█ An attempt is necessarily included in the greater offense. Carson, Petitioner, 141 Me. 132, 39 A.2d 756 (1944).

The instruction undoubtedly was prompted by the following testimony of the plaintiff:

"Q  Well, on top of your panties or under your panties?

A  Under.

Q  And where did his hand come to rest?

A  Right there."

There was nothing in the record to indicate exactly where the complaining witness' hand was placed when she said, "Right there." It was then certainly appropriate and proper for the jury to be told that if they were satisfied that the defendant in-

---

3. 14 M.R.S.A. § 1303 provides: If a party knows any objection to a juror in season to propose it before trial and omits to do so, he shall not afterwards make it, unless by leave of Court for special reasons.

tended to take indecent liberties with the sexual organs of this child and did an overt act in furtherance thereof, but did not actually complete the indecent act and they were satisfied of this beyond a reasonable doubt, they could then find the defendant guilty of attempted indecent liberties.

The jury heard the evidence of the case. They were carefully instructed as to the applicable law. The jury was told with considerable emphasis that the testimony of the complaining witness had to be viewed with caution.

A jury question was presented.

The jury verdict was clearly justified by the evidence.

We find no error in the proceedings.

The entry must be,

Appeal denied.

All Justices concurring.