**STATE of Maine**

v.

**Robert G. ROBERTS.**

Supreme Judicial Court of Maine.

Oct. 5, 1979.

Charles K. Leadbetter (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Little & Watkinson, Harris R. Bullerwell, Rockland (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

PER CURIAM.

The defendant, Robert G. Roberts, was indicted in the Superior Court (Knox County) for the Class A crime of gross sexual misconduct, allegedly committed upon an eight-year-old boy on January 10, 1979, at Rockland.

A person is guilty of of gross sexual misconduct if he engages in a sexual act with another person, not his spouse, and the other person has not in fact attained his 14th birthday. 17–A M.R.S.A. § 253(1) (Supp.1978).

We turn to 17–A M.R.S.A. § 251(1)(C) (Supp.1978) for the essential definition:

> "Sexual act" means any act of sexual gratification between 2 persons involving direct physical contact between the sex organs of one and the mouth or anus of the other or direct physical contact between the sex organs of one and the sex organs of the other, or direct physical contact between the sex organs of one and an instrument or device manipulated by the other. A sexual act may be proved without allegation or proof of penetration.

Upon representation by the State that at trial the extent of its proof of a sexual act would be that the Defendant rubbed his penis against the penis of the child, the Defendant's motion to dismiss the indictment was granted. The State duly appealed to this Court.

We sustain the appeal.

The argument advanced here that one cannot be convicted of a violation of the pertinent statute without proof of the possibility of penetration is without merit.

Significantly, when in 1976 the Legislature put the definition of "sexual act" into its present form, L.D. 314 contained the following comment:

> The definition of "sexual act" in subsection I, paragraph C is broader coverage than the present law requiring some penetration . . .

In the Statement of Facts accompanying a pertinent committee amendment it was asserted that the purpose was to increase the scope of sex offenses.

From this legislative history it becomes abundantly clear that the Legislature intended that when one is charged with gross sexual misconduct, it should no longer be necessary for the State to allege or prove penetration. That, of course, is the plain meaning of the statute under which this Defendant was indicted.

The entry is:

Appeal sustained.

Dismissal of the indictment set aside.

Remanded for further proceedings consistent with the opinion herein.

GLASSMAN, J., did not sit.