**STATE of Maine**

**v.**

**Lyle FURLONG.**

Supreme Judicial Court of Maine.

Argued May 5, 1980.

Decided June 17, 1980.

———

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, (orally), Deputy Dist. Atty., Portland, Nancy Ziegler, Law Student Intern, for plaintiff.

Daniel G. Lilley, P.A., by E. Paul Eggert, Portland, (orally), for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

WERNICK, Justice.

Tried by a jury in the Superior Court (Cumberland County), the defendant Lyle Furlong was found guilty, as charged in separate counts of an indictment, of having, on September 6, 1978, committed the crimes of attempted gross sexual misconduct, 17–A

M.R.S.A. §§ 152(1), 253(1)(A)(1) (Supp. 1979),[1] and of assault, 17–A M.R.S.A. § 207.

Defendant's appeal from the judgment of conviction entered on the verdict of the jury raises the single issue whether the presiding Justice committed error in refusing to give the jury an instruction requested by defendant in light of the following circumstances. Evidence had been presented that left it open to the jury to make one or the other of two findings of fact, either (1) defendant had intended to compel no more than direct physical contact, without penetration, between his sex organ and the sex organ of the female complainant, or (2) defendant had intended to compel the complainant to submit to sexual intercourse with him.

With the evidence generating these fact-finding possibilities, defendant brought to bear what he conceived the law to be: as here pertinent, Section 251(1)(C) defines a sexual act as an "act of sexual gratification between 2 persons involving direct physical contact between the sex organs of one and . . . the sex organs of the other" and, therefore, sexual intercourse which is defined in Section 251(1)(B) to require "penetration of the female sex organ by the male sex organ" cannot constitute a sexual act. On this rationale, defendant reasoned further that since a sexual act is made an essential element of the crime of gross sexual misconduct under the definition in Section 253(1)(A), where an accused's only conduct is sexual intercourse, which is not a sexual act, the accused cannot be guilty of gross sexual misconduct.

So conceiving the law applicable to the instant case, defendant requested the presiding Justice to instruct that should the jury find defendant's intent to have been to compel the female complainant to submit to sexual intercourse with him, the jury must find that defendant could not have intended to commit the crime of gross sexual misconduct under Section 253(1)(A)(1), and therefore the jury must acquit defendant of the crime here charged against him, to wit, the attempt (under Section 152(1)) to commit the crime of gross sexual misconduct as defined in Section 253(1)(A)(1).

The presiding Justice rejected defendant's legal rationale and consequently refused to charge the jury as defendant requested.

The presiding Justice was correct.

In its original formulation, before it was amended by P.L. 1975, c. 740 § 44 as effective May 1, 1976, Section 251(1)(C) defined "sexual act" to include

"any act of sexual gratification between 2 persons *involving* direct physical contact between the sex organs of one and the mouth or anus of the other or direct physical contact between the sex organs of one and the sex organs of the other *without penetration,* . . . ." (emphasis added)

The Comment to original Section 251 (1975 Pamphlet, at 63) explained that this definition of "sexual act" reflected legislative intendment that as to "the case of sodomy, fellatio, and cunnilingus", the then existing law "requiring some penetration" was changed so as to "*permit* a conviction upon contact." (emphasis added) Even with the words "without penetration" omitted, the word "contact" would have achieved this result. Apparently, it was believed wise to add the words "without penetration", as modifying *all* of the conduct described by the language preceding those words, to make plain beyond possibility of argument that any of such conduct would constitute a "sexual act", whether it occurred with *or without* penetration.

Unfortunately, however, because only the words "without penetration" were used, instead of the longer phrase "whether with or without penetration"—which would have more precisely expressed the legislative intendment, another source of confusion developed. The words "without penetration" suggest a *mandate* of *no* penetration.

---

1. 17–A M.R.S.A. § 253(1)(A)(1) provides: "by force and against the will of such other person; or"

Thus, they can generate the argument now being made by defendant, that any of the conduct described by the language appearing in Section 251(1)(C) before the words "without penetration" are excluded as a "sexual act" *if there is penetration.*[2]

Manifestly, it was to eliminate this vestige of ambiguity injected by the use of the words "without penetration" that P.L. 1975, c. 740 § 44 amended Section 251(1)(C), effective May 1, 1976, by removing "without penetration" and adding at the end of Section 251(1)(C) the new sentence:

"A sexual act may be proved without allegation or proof of penetration."

The amendment thus made plain what the Comment to Section 251 in its originally enacted form had explained was always the legislative intendment, that penetration is *not* an *essential* element of a sexual act within the definition set forth in Section 251(1)(C). *State v. Roberts*, Me., 406 A.2d 413 (1979).

Since the negative proposition that the *presence* of penetration is *not* an essential of a sexual act does *not* signify the affirmative proposition that the *absence* of penetration *is* an essential element of a sexual act, it is a logical fallacy to conclude that the definition in Section 251(1)(C) excludes sexual intercourse as a sexual act. Rather, the contrary is correct; sexual intercourse is a sexual act because it is conduct necessarily "involving direct physical contact between the sex organs of one [person] . . . and the sex organs of . . . [an] other [person] . . . ." In short, the proof of sexual intercourse is the proof of a sexual act.

In the case at bar, then, a finding by the jury that defendant had intended to compel the female complainant to submit to sexual intercourse with him, rather than that he intended merely a direct physical contact (without penetration) between her sex organ and his, would authorize a jury verdict that defendant was guilty of the crime of attempted gross sexual misconduct as it was here charged against him. The presiding Justice correctly refused to give the jury the instruction defendant requested.[3]

The entry is:

Appeal denied.

Judgment of conviction affirmed.

All concurring.

---

**2.** This confusion seems to have led to the dictum in footnote 4 (at 1045) of *State v. Keaten*, Me., 390 A.2d 1043 (1978), a dictum we now regard as erroneous, that under the originally enacted definition of "sexual act" in Section 251(1)(C) the " 'sexual act' necessary for gross sexual misconduct had to be other than intercourse, . . . ."

**3.** We find unpersuasive defendant's argument that we must avoid attributing to the legislature the intention to leave to prosecutorial discretion a choice to prosecute the same conduct either as rape under Section 252(1)(B) or as gross sexual misconduct under Section 253(1)(A) (each being punishable as a Class A crime). We observed in a similar context: "Maine recognizes . . . that certain proven facts may constitute a violation of two different statutes." *See State v. Lindsey*, Me., 254 A.2d 601, 603 (1969).