STATE of Maine

v.

Arnold P. SMITH, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 1992.

Decided Dec. 18, 1992.

ted on the gross sexual assault charge, but convicted on the other two charges. Smith now challenges the verdicts, the jury instructions, and the admission of evidence. Because we find no error, we affirm the convictions.

### I.

The jury would have been warranted in finding the following facts. Brenda Rowe and Arnold Smith began a relationship in 1987. They lived together briefly in 1988, but separated because of Smith's abuse of Rowe. By 1989, their relationship was virtually a secret because of pressure placed on Rowe by her family and friends to end the affair. In August 1990 Rowe obtained an order for protection from abuse. Smith continued to contact Rowe and she agreed to see him several times while the protective order was in force. According to Rowe, however, after a threatening incident on October 12, 1990, she stopped seeing Smith. On October 30 Smith broke into Rowe's apartment and was waiting for her when she came home during her lunch hour. After stuffing a towel in her mouth, he took her clothes off and forced her to have intercourse. Smith claimed that the October 30 meeting was prearranged and that the sexual intercourse was consensual. After a jury trial, Smith was convicted of burglary and violation of the protective order, but acquitted of gross sexual assault.

David W. Crook, Dist. Atty., Alan Kelley, Deputy Dist. Atty., Augusta, for the State.

William Maselli, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Arnold P. Smith, Jr., was charged with gross sexual assault, 17–A M.R.S.A. § 253 (Supp.1991); burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1991); and violation of an order for protection from abuse, 19 M.R.S.A. § 769(1) (Supp.1991). After a jury trial in the Superior Court (Kennebec County, *Alexander, J.*), Smith was acquit-

### II.

■ Smith first challenges the court's instruction to the jury that the intent element of the burglary charge could be proven by evidence that the defendant intended to commit either of the predicate crimes (gross sexual assault or violation of the protective order). Smith contends the instruction is erroneous because the indictment charged him with intending to commit *both* crimes. We disagree.

■ As a general matter, it is not necessary to provide in-depth, technical detail in the indictment regarding the nature of the offense or the proof. It suffices if "it informs the defendant of the factual ele-

ments constituting the crime charged." *State v. Arnold,* 421 A.2d 932, 934 (Me. 1980). The purpose of an indictment is to "apprise the defendant of what he is accused so that he may defend himself and make use of the judgment as a basis for a plea of former jeopardy." *State v. Allison,* 427 A.2d 471, 473 (Me.1981).

Moreover, we have previously held that whether an indictment is written in the conjunctive or the disjunctive is irrelevant. *See State v. Pickering,* 462 A.2d 1151, 1157 (Me.1983). *See also* 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 7.4, at 7–17 (1991); *Ramsey v. State,* 228 A.2d 529, 530 (Me.1967). The indictment simply must charge a crime. At trial, the State must prove the elements of that crime and no more. In the absence of prejudicial variance, the State is not bound by the words of the indictment. Thus, the trial court did not err in instructing the jury that either means of committing the offense of burglary would suffice.

### III.

Smith next contends that the trial court erred by failing to reinstruct the jury on all the elements of burglary when the jury asked a specific question about only one aspect of the charge. The trial court instructed the jury on all the elements of burglary. After deliberations had begun, the jury requested to be reinstructed on the burglary charge. Again, the court outlined the elements of burglary. The jury sent a second note to the court asking for a clarification of the burglary definition; specifically, whether both the intent to commit gross sexual assault and the intent to violate the protective order must be proved, or whether one would suffice. At that time, the trial court simply explained that it was an and/or situation and that one would suffice. Although the court cautioned the jury to consider its explanation in the context of all other instructions, it did not explain again the other elements of burglary.

We find no error in the court's response to the jury's request for a specific clarification. The jury twice had been fully instructed on the elements of burglary. There was no need for the court to expand its responsive instruction by again explaining the elements of the offense that the jury presumably understood.

### IV.

Smith next argues that the undefined term "sexual assault," as used in the indictment and the jury instructions concerning violation of the protective order, is unconstitutionally vague and violates his due process rights. He maintains that because the trial court did not define the term, or in any way clarify its meaning, the jury could not have known the legal parameters surrounding the term, thus prejudicing him. Smith, however, neither objected to the instruction nor requested an explanatory instruction. We therefore review the instruction for obvious error. M.R.Crim.P. 52(b); *State v. Fournier,* 554 A.2d 1184, 1187 (Me.1989).

As a general proposition, "the court must properly and clearly instruct on each of the essential elements of the offense with which the defendant is charged." 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 30.3, at 30–7 (1991). The focus, however, is on whether the jury would have reasonably understood the "common sense" meaning of the term. We have previously held that it is not obvious error to fail to define "bodily injury" because a jury can understand its common sense, everyday meaning. Not every statutory phrase requires explanation. *See State v. Griffin,* 487 A.2d 247, 249 (Me.1984).

### V.

Smith further argues that because the jury acquitted him of gross sexual assault but convicted him of violating the protective order, the verdicts are irreconcilable and thus the convictions should be vacated. We disagree. Proof of a gross sexual assault was not an essential element of either of the other two charges.

## VI.

Smith argues finally that the trial court erred by admitting prejudicial evidence of misconduct toward Rowe not associated with the specific crimes charged, thus depriving him of a fair trial. Smith, however, failed to object to the admission of that evidence, and a good deal of the evidence referred to was produced by the defense. Thus, there was no obvious error in the admission of evidence of other misconduct.

The entry is:

Judgment affirmed.

All concurring.