[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 2, 1996, the plaintiffs, Michael Struzinski, PPA, Louise Struzinski, and Louise Struzinski, filed a two count complaint against the defendant, Rollar Homes, Inc. According to the facts alleged in the complaint, on August 9, 1994, the minor plaintiff, Michael Struzinski, was struck by a car while on the premises of a trailer park located in Branford, Connecticut. The trailer park was allegedly controlled and maintained by the defendant, Rollar Homes, Inc. As a result of this incident, the minor plaintiff suffered physical injury and emotional anguish.
Count one alleges that the incident was due to the negligence of the defendant in that the defendant permitted the road inside the park to remain free of speed bumps; failed to remedy this condition when it was reasonably necessary to do so; failed to warn the minor plaintiff of this condition; and failed to inspect the park roadways. Count one alleges that the defendant knew or should have known that as a result of the lack of speed bumps people, especially children, would be exposed to an unreasonable risk of harm.
Count two incorporates the allegations of the first count and alleges that as a result of the defendant's negligence, Louise Struzinski incurred medical expenses for the treatment of her son and may incur further such expenses in the future. The plaintiffs seek compensatory damages and any other relief that may pertain.
On April 2, 1996, the defendant filed a motion to strike the plaintiffs' complaint and a memorandum of law in support thereof. The defendant argues that the complaint fails to state a cause of action in negligence because the defendant owes no legal duty to the plaintiffs. Specifically, the defendant argues that it did CT Page 5578-GGG not have a duty to install speed bumps and that, in any event, the absence of speed bumps was not the proximate cause of the minor plaintiff's injuries.[1]
On April 24, 1996, the plaintiffs filed an objection to the defendant's motion to strike. The plaintiff asserts that the defendant had a duty to use reasonable care in maintaining its premises in a reasonably safe condition. The plaintiffs argue that the defendant "knew or should have known of the potential danger to children playing in its trailer park" and that "the defendant had a duty to either correct the potential danger or to warn the plaintiff-invitee."[2] (Plaintiffs' Memorandum of Law in Support of Plaintiffs' Objection to Defendant's Motion to Strike, 4/24/96. p. 2).
On July 12, 1996, the defendant filed a response to the plaintiffs' objection. The defendant argues that the plaintiffs' reference to the standard of care in premises liability actions is misguided. The defendant acknowledges its duty to maintain its property in a reasonably safe condition and to correct any defects of which it has notice. The defendant asserts, however, that there is no duty under Connecticut law to install speed bumps. Accordingly, the defendant argues, the absence of speed bumps is not a defect and it does not demonstrate a failure to render the property reasonably safe. The defendant does not address the plaintiffs' allegation that it had a duty to warn of the alleged dangerous condition or defect.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 210 (1992). "If a complaint contains the necessary elements of a cause of action, it will survive a motion to strike." Malizia v. Anderson, 42 Conn. Sup. 114,116, 602 A.2d 1076 (1991, Ryan, J.). A motion to strike must be based on facts alleged in the complaint. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 215. Facts necessarily implied by the allegations in a complaint are sufficiently pled and if any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the motion to strike must be denied. Waters v. Autuori,236 Conn. 820, 826, ___ A.2d ___ (1996); Bouchard v. People'sBank, 219 Conn. 465, 471, 594 A.2d 1 (1991). CT Page 5578-HHH
"The essential elements of a cause of action in negligence are well established: duty, breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp., supra,231 Conn. 381. "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.). Id., 384. "Unless some relationship exists between the person injured and the defendant by which the latter owes a duty to the former, there can be no liability in negligence." Neal v.Shiels, Inc., 166 Conn. 3, 12, 347 A.2d 102 (1974).
As to what duty the defendant herein may have owed to the minor plaintiff, "there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee." Morin v.Bell Court Condominium Assn., Inc., 223 Conn. 323, 327,612 A.2d 1197 (1992); Sinert v. Olympia York Development Co.,38 Conn. App. 844, 849, 664 A.2d 791, cert. denied,235 Conn. 927, 667 A.2d 553 (1995); Amoroso v. Geddes,
Superior Court, judicial district of Litchfield, Docket No. 0053840 (March 17, 1995, Picket, J.) (stating that, in an action where the plaintiff sustained injuries on the defendants' land, "[t]he duty owed by the defendants to the plaintiff is determined by whether the plaintiff is held to be an invitee or a licensee.").
In the present case, the plaintiffs have alleged only that the minor plaintiff was "lawfully on the premises of the trailer park" at the time of the incident.[3] While this allegation indicates that the minor plaintiff was not a trespasser, it is not helpful in determining whether the minor, plaintiff was an invitee or a licensee. "Ordinarily, the status of one who sustains injury while on the property of another is a question of fact." Roberts v. Rosenblatt, 146 Conn. 110, 112, 148 A.2d 142
(1959). It is only where the facts essential to a determination of the plaintiff's status are not in dispute that a legal question is presented. Id.
The plaintiffs have not alleged sufficient facts to ascertain the nature of the duty, if any, owed to them. Accordingly, the defendant's motion to strike on the ground that the complaint does not state a legally sufficient cause of action is granted.
Howard F. Zoarski State Trial Referee CT Page 5578-III