**STATE of Maine**

**v.**

**Walter M. WESTPHAL.**

Supreme Judicial Court of Maine.

Dec. 15, 1975.

Charles H. Veilleux, County Atty., Joseph M. Jabar, Dist. Atty., J. William Batten, Asst. Dist. Atty., Skowhegan, for plaintiff.

W. Philip Hamilton, Madison, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

Walter M. Westphal appeals the verdict of a Superior Court (Somerset County) jury finding him guilty of armed assault. We deny the appeal.

The defendant raises four issues for our consideration: (A) denial of a judgment of acquittal; (B) denial of a motion for a new trial; (C) exclusion of evidence of defendant's ability as a marksman; and, (D) obvious error in the court's charge.

(A) The defendant moved, pursuant to Rule 29(a) M.R.Crim.P., for a judgment of acquittal at the close of all the evidence. The court reserved judgment on the motion until after the jury had returned its verdict of guilty, at which time the motion was denied. The question which we must determine is whether, in view of all the evidence in the case, there was legally sufficient evidence to support the guilty verdict. *State v. Jackson,* Me., 331 A.2d 361, 364 (1975); *State v. Brewer,* Me., 325 A.2d 26, 27 (1974).

The jury could have found the following facts:

Westphal owned a house in Solon which he rented to Carol Paul and her two small children. The defendant maintained an office in the house and was a frequent visitor there.

On the afternoon of November 9, 1973, Louis Paul, Carol Paul's estranged husband, accompanied his wife to the house with the intention of assisting her in moving out some of her furniture. As the Pauls carried furniture from the house to Louis Paul's pickup truck parked nearby, the defendant, who had been asleep in an upstairs bedroom, suddenly appeared at the front door with a .357 magnum pistol in his hand. The Pauls were outside in the vicinity of the truck at this time, perhaps twenty to twenty-five feet from the front door. The defendant fired a shot into the air. Having thus commandeered the Pauls' attention, Westphal told Louis Paul to "get out of [here] before [you are] blown in two." As Paul ducked behind the truck, the defendant fired another shot which struck the ground some ten to twelve feet behind Paul. After the second shot was fired, Paul got into his truck and fled.

The statute which creates the crime of armed assault reads, in part, as follows: "Whoever, if armed with a firearm, unlawfully attempts to strike, hit, touch or do any violence to another, however small, in a wanton, willful or angry or insulting manner having an intention and existing ability to do some violence to such person, is guilty of an armed assault." 17 M.R.S. A. § 201-A.

The defendant's attack on the sufficiency of the evidence to support the conviction is two-pronged. *First,* he claims that there was no evidence that he *attempted* to "strike, hit, touch or do any violence to another." We need not dwell on this point. There was credible evidence that Westphal fired a shot at Louis Paul, and it was the jury's prerogative to conclude therefrom that the defendant attempted to do violence to his victim. We will not disturb this conclusion.

▮ The defendant argues, *second,* that his motion for a judgment of acquittal should have been granted because there was insufficient evidence that, at the time of the shooting, he was possessed of the requisite "intention . . . to do some violence" to Louis Paul. Underlying this contention is the assumption that 17 M.R.S.A. § 201-A necessitates a showing that the defendant had a subjective purpose or "specific" intent to inflict violence on his victim at the time in question.

This assumption misconceives the law.

With respect to the requirement of "an intention . . . to do some violence to [a] person," 17 M.R.S.A. § 201-A is identical to our "ordinary" assault statute, 17 M.R.S.A. § 201. In *State v. Anania,* Me., 340 A.2d 207, 211 (1975), we squarely rejected the proposition that 17 M.R.S.A. § 201 mandates that the State prove that the defendant had a *subjective* intent to do violence to another. We held that "a subjectively existing conscious purpose 'to do some violence'" is not the *only* kind of criminal intent which will support a conviction of assault and explained that "Criminal 'intent' may equally well flow, *as a matter of law,* from intentionally doing an act which has the inherent potential of doing bodily harm, and doing so in a criminally negligent manner" (emphasis in original).

*Anania* thus establishes that the meaning of the statutory language "an intention . . . to do some violence to [a] person," which is common to 17 M.R.S.A. § 201 and 17 M.R.S.A. § 201-A, is not restricted to a *subjective* purpose to inflict violence on another. The criminal intent necessary to support a conviction under either assault statute may equally as well be inferred from "the intentional doing of an act in reckless and wanton disregard of the

safety of others." *State v. Bowden,* Me., 342 A.2d 281, 286 (1975). We have recently employed this precise reasoning to sustain a conviction of armed assault. *State v. Little,* Me., 343 A.2d 180, 185 (1975).

The jury was warranted in finding that the defendant angrily threatened Louis Paul and then fired a shot at close range in the latter's direction. "The totality of these facts and reasonable inferences drawn therefrom would legally justify the fact finder in concluding that the degree of criminal intent existed which the statute requires as a necessary element of the offense . . . ." *Anania,* supra.

The defendant's arguments that the evidence was insufficient to support a jury finding (1) that he attempted to do violence to Louis Paul, and (2) that he had the requisite intent to commit an armed assault, are unsound. The motion for a judgment of acquittal was correctly denied.

(B) The jury returned its verdict on May 8, 1974. On June 20, 1974, the defendant filed a motion for a new trial which the presiding Justice denied after a hearing on that same date.

▮ The defendant's motion was untimely. Rule 33 M.R.Crim.P. plainly mandates that a motion for a new trial on grounds other than newly discovered evidence must be made "within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period." None of the five grounds asserted in the defendant's motion involved newly discovered evidence, nor does the record disclose that the court granted any enlargement of the usual ten-day period for the filing of a motion for a new trial. Because the defendant failed to comply with Rule 33, the court lacked the power to act on the motion,[1] M.R.Crim.P.

1. See Glassman, 3 Maine Practice, § 33.2. We are in agreement with the position taken by the federal courts in construing F.R.Crim. P. 33 that the time limitations contained in

Rule 33 are jurisdictional. *United States v. Smith,* 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 2d 1610 (1947).

45(b), and the issue of whether the court erred in its disposition of a motion over which it had no jurisdiction is not properly before us on appeal.[2]

(C) The defendant called as a witness one Norman Gardner and attempted to elicit from him an opinion as to Westphal's general ability as a marksman. The State objected to this line of questioning, arguing that the defendant's skill with a gun was irrelevant to the events of November 9, 1973. The court sustained the objection.

The basis of the appellant's contention that the court erred in making the instant evidentiary ruling is apparent from the offer of proof made by the defendant at trial. Gardner would have testified that Westphal was an expert shot. This evidence would have demonstrated, according to the defendant, that he was not lacking in the *ability* to shoot Louis Paul, and the fact that he did *not* shoot Paul indicates nothing less than that he did not *intend* to do so.

This logic, which has a superficial appeal, breaks down upon analysis. Whether the defendant had the criminal intent necessary to be convicted of an armed assault is entirely a question of his state of mind *at the time of the shooting*. As we have pointed out, the jury in an assault case may infer the defendant's state of mind from his objective conduct. *Little,* supra; *Hutchins v. State,* Me., 265 A.2d 706, 710 (1970).

The defendant's skill—or lack of it —with a gun was not relevant to the issue of whether he "intended" to shoot Louis Paul on November 9, 1973, within the meaning of 17 M.R.S.A. § 201-A, as we have interpreted that statute. The issue was not whether the defendant was *capable* of shooting his victim. Rather, it was whether Westphal's conduct manifested "an intention . . . to do some violence" to his victim. As to this latter issue, the defendant's skill as a marksman was irrelevant.

The relevance of evidence is a determination which is left to the discretion of the presiding Justice. *Towle v. Aube,* Me., 310 A.2d 259, 265 (1973). There was no abuse of discretion here.

(D) The defendant's final point is that the presiding Justice committed a number of errors of law in his charge to the jury. No objections were made to the instructions as is required by Rule 30(b) M.R.Crim.P.[3] It is now too elementary to require further discussion that, given an appellant's failure to comply with Rule 30(b), this Court will review a charge only for obvious errors affecting the appellant's substantial rights. Rule 52(b) M.R.Crim. P.; *State v. Armstrong,* Me., 344 A.2d 42, 49 (1975).

We have reviewed the charge in its entirety, *State v. Ryder,* Me., 348 A.2d 1, 5 (1975), and find no error which necessitates a reversal.

The entry must be:

Appeal denied.

All Justices concur.

2. We note that the issues raised by the defendant's belated motion for a new trial are substantially the same as the points raised by his direct appeal from the verdict, and they are to that extent addressed elsewhere in this opinion.

3. Rule 30(b) M.R.Crim.P. (in pertinent part):
No party shall assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.