STATE of Maine

v.

Richard R. SAUCIER.

Supreme Judicial Court of Maine.

Argued Sept. 10, 1980.

Decided Oct. 22, 1980.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Richard W. Hall (orally), Ford & Hall, Bangor, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN, and ROBERTS, JJ.

GODFREY, Justice.

Defendant Richard R. Saucier appeals from a conviction for Class C gross sexual misconduct in violation of 17–A M.R.S.A. § 253(2)(B) (1979).[1] That statute imposes criminal liability on anyone who compels or induces another person, not his spouse, to engage in sexual intercourse or a sexual act

1. Section 253 provides in pertinent part:

A person is guilty of gross sexual misconduct

2. If he engages in sexual intercourse or a sexual act with another person, not his spouse, and

B. He compels or induces the other to engage in such sexual intercourse or sexual act by any threat . . . .

(defined in 17–A M.R.S.A. § 251(1)(C)) by means of any threat. The indictment followed the language of the statute.[2] Defendant contends that the indictment failed to charge an offense because it lacked a description of the threat he was charged with making, failed to indicate that the victim did not consent to the sexual intercourse, and omitted any reference to a culpable mental state. We affirm the judgment of conviction.

Defendant first argues that he was unable to prepare his defense properly because the indictment failed to describe the threat he was supposed to have used.

■ Rule 7(c), M.R.Crim.P. states that an indictment need only contain "a plain, concise and definite statement of the essential facts constituting the offense charged." An indictment that charges in the language of the statute is sufficient if it adequately provides a defendant of reasonable and normal intelligence with a clear identification of the crime and conduct charged. *State v. Sampson*, Me., 387 A.2d 213, 216 (1978). Where, as here, the indictment tracks the language of the statute governing the offense charged and that language, understood according to its natural import, sufficiently sets out the facts constituting the crime, the defendant has no basis for complaint that he is uninformed or confused about the nature of the charges against him. *State v. Sampson, supra*, at 216; *State v. Holt*, Me., 391 A.2d 822, 824 (1978);

*State v. Thibodeau*, Me., 353 A.2d 595 (1976). If the defendant wanted further information about the type of threat he was accused of making, his remedy was through discovery pursuant to Rule 16, M.R.Crim.P. *See State v. Stoddard*, Me., 289 A.2d 33, 35 (1975).

■ Defendant's contention that the indictment was deficient for failing to allege that the complainant did not consent to the sexual intercourse is without merit. The governing statute does not use the language of lack of consent, but instead speaks of compulsion or inducement. While sexual intercourse resulting from a bargain for gain would obviously not be within the scope of section 253(2)(B),[3] the statute is clearly designed to reach certain situations where the victim does, in some sense, acquiesce in the sexual activity. The legislature has decided to impose criminal liability on one who induces another to engage in sexual intercourse or a sexual act by putting the other to a choice between acceding to the sexual activity or enduring threatened odious consequences. Since lack of consent is therefore not an element of gross sexual misconduct under section 253(2)(B), the indictment was not deficient for failing to allege the complainant's lack of consent.

■ Finally, the defendant argues that the indictment was deficient for failing to allege a culpable state of mind. Citing 17–A M.R.S.A. § 11(5) (1979),[4] defendant

---

2. The indictment made the following allegations:

> That on or about the 14th day of December 1979, in the County of Penobscot, State of Maine, RICHARD R. SAUCIER did engage in sexual intercourse with [deleted], not his spouse, and RICHARD R. SAUCIER compelled or induced said [deleted] to engage in said sexual intercourse by a threat ....

3. *See Model Penal Code* § 207.4, Comment (Tent. Draft No. 4, 1955).

> As the gravity of the threat diminishes, the situation gradually changes from one where compulsion overwhelms the will of the victim to a situation where she can make a deliberate choice to avoid some alternative evil .... *The situation may move into a shadow area between coercion and bargain. A bargain for gain is not within the present section; but

> [the section] is designed to reach all situations of actual compulsion, *i. e.*, where the ... submission is determined by fear of harm ....*

> *See Model Penal Code* § 213.1(2)(a) (Proposed Official Draft, 1962).

4. Section 11 provides, in pertinent part:

> 5. If a statute defining a crime in this code does not expressly prescribe a culpable mental state with respect to some or all of the elements of the crime, a culpable mental state is nevertheless required ... unless:
> A. The statute expressly provides that a person may be guilty of a crime without culpability as to those elements; or
> B. A legislative intent to impose liability without culpability as to those elements otherwise appears.

contends that a culpable mental state is an element of every offense unless the statute expressly negates that element or unless a legislative intent to dispense with a culpable mental state otherwise appears.

Analysis of chapter 11 of the Maine Criminal Code reveals a coherent classification of sex offenses in which certain offenses are so defined as to require expressly a culpable mental state and others are not. In general, the more forceful or egregious sexual conduct is defined without reference to the actor's state of mind. Thus, unlawful sexual contact, as defined by 17–A M.R.S.A. § 255 (1979), expressly requires intent.[5] The requirement of intentional behavior is needed to prevent accidental touching from being criminal.[6]

Sexual abuse of minors under 17–A M.R.S.A. § 254 (1979) is so defined as to include consensual sexual relations between a person between the ages of fourteen and sixteen and another who is at least five years older. Since, by force of the statute, it is the younger person's age alone that renders such an act criminal, the statute makes it a defense to prosecution under that section that the defendant reasonably believed the victim was more than sixteen years old.

At the far end of the scale of enormity, rape under 17–A M.R.S.A. § 252(1) (1979) requires either sexual intercourse with a child under fourteen (not the actor's spouse) or intercourse that is compelled by force or by a threat of imminent death, serious bodily injury, or kidnapping. The definition of the crime does not include any requirement of intent or any other culpable mental state. In the context of the careful definitions of sex offenses in the Code, it is clear that 17–A M.R.S.A. § 252(1) does not require a culpable mental state for rape.

The behavior constituting gross sexual misconduct under 17–A M.R.S.A. § 253(2)(B) bears a considerable resemblance to rape by threat of death, serious bodily injury, or kidnapping under 17–A M.R.S.A. § 252(1)(B)(2). Gross sexual misconduct likewise carries no requirement of a culpable mental state. That omission was not accidental. The statute is based on the premise that one person cannot accidentally or innocently induce another person to engage in sexual intercourse by means of a threat. As in rape by threat, no explicit allegation of a culpable mental state was necessary in the indictment.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

**5.** Section 255 provides, in pertinent part:

> 1. A person is guilty of unlawful sexual contact if he intentionally subjects another person, not his spouse, to any sexual contact
> . . . .

**6.** Section 251(1)(D) (1979) provides as follows:

D. "Sexual contact" means any touching of the genitals, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire.

The "purpose" clause of that definition reinforces the legislative goal of ensuring that innocent conduct is not treated as criminal.