STATE of Maine

v.

Gregory BENSON.

Supreme Judicial Court of Maine.

Argued Sept. 15, 1982.

Decided Dec. 6, 1982.

Janet T. Mills (orally), Dist. Atty., Auburn, for plaintiff.

Linnell, Choate & Webber, Robert E. Mullen (orally), Auburn, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE, and WATHEN, JJ.

CARTER, Justice.

Following a jury trial in Superior Court, Androscoggin County, Gregory Benson was convicted of attempted gross sexual misconduct, 17–A M.R.S.A. §§ 152, 253 (1981), aggravated assault, 17–A M.R.S.A. § 208 (1981), and assault, 17–A M.R.S.A. § 207 (1981). On appeal, the defendant raises several issues. We address only the question whether the trial justice should have permitted the defendant to introduce a prior written statement made by the victim. We vacate the attempted gross sexual misconduct conviction and remand to the Superior Court for further proceedings. We affirm the aggravated assault and assault convictions.

The charges against the defendant, Gregory Benson, age 18, resulted from two incidents which occurred at the Androscoggin County Jail. The jury could find the following facts. On October 28, 1981, the victim, Ephram Myshrall, age 30, was incarcerated and was placed in a cell with the defendant and several other inmates. During the day, the defendant and Myshrall had several conversations. From this exchange, the defendant concluded that Myshrall was gay. Because he disliked gays, the defendant who was six feet one inch tall

and weighed 180 pounds admitted taunting Myshrall whom the defendant characterized as a weakling. After tying Mysrhall to the bars, the defendant wrapped a bed sheet around Myshrall's neck. Myshrall called for help, but no one came. While twisting the bed sheet, the defendant told Myshrall to take out his dentures and to perform a sexual act. The bed sheet was twisted around Myshrall's neck for two or three minutes until he started to see spots and to feel faint.

The following day on October 29, 1981, the defendant and another inmate urinated on Myshrall while he was in the shower. When Myshrall returned to the cell, the defendant and the other inmate tied Myshrall to the bars and twisted a bed sheet around Myshrall's neck and midsection. After telling Myshrall to masturbate, the defendant hit Myshrall on the feet with a belt.

Later that day, one of the deputies noticed red marks on Myshrall's neck. Myshrall subsequently reported these incidents to Sergeant Gary Morgeau, the deputy sheriff in Androscoggin County. According to the sergeant, Myshrall said, "he had been threatened that if he told any of the deputies he would be taken care of later."

On October 30, 1981, Myshrall was examined by a licensed physician at St. Mary's General Hospital. The doctor observed redness of the skin around the neck. In addition, slight tenderness was discovered in the back of the neck, in the front of the shoulder, in the chest muscles, and in the kidney area. Myshrall complained of pain while moving his head. The doctor found a small blood clot in the left nostril and bruises on the left foot. The doctor testified that the bruises, pain, and soreness were consistent with having been choked on the previous day.

During the trial, the defendant testified that the inmates talk about having sex together "all day long" and that on October 28th when he asked Myshrall to perform the sexual act, he was just "kidding around." When the defendant attempted to introduce into evidence Myshrall's prior written statement indicating that when the defendant demanded performance of the sexual act, Myshrall thought the defendant was "kidding around, not serious," the State objected. Ruling to exclude the evidence, the trial justice found that a statement indicating the subjective state of mind of the victim was irrelevant because the statutory compulsion requirement provides an objective standard.

The criminal attempt statute, 17–A M.R.S.A. § 152 incorporates "the kind of culpability required for the commission of the crime" and adds thereto the intent to complete the commission of the crime. There is no culpability element of the underlying offense of gross sexual misconduct. *State v. Saucier,* 421 A.2d 57, 59 (Me.1980). Consequently, to determine the requisite state of mind for conviction of the crime of attempt to commit gross sexual misconduct, we need not look to any intent requirement of the underlying offense, but, rather, we look only to the intent requirement of the crime of "attempt." 17–A M.R.S.A. § 152. On this record, the defendant's actions could clearly be found to display an intent to complete the commission of the offense of gross sexual misconduct.

The attempt statute also includes the requirement of conduct constituting "a substantial step" toward the commission of the crime. 17–A M.R.S.A. § 152(1). A substantial step is defined as "any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime." 17–A M.R.S.A. § 152(1). The crime of gross sexual misconduct occurs when a person engages in a sexual act with another person and "[t]he other person submits as a result of compulsion, as defined in section 251, subsection 1, paragraph E. . . ." 17–A M.R.S.A. § 253(1)(A).

The only evidence by the State of "a substantial step" toward the commission of the underlying offense is the conduct of the defendant in tying Myshrall to the cell bars, in twisting the bed sheet around his neck, and in requesting the performance of a

sexual act. The defendant could be found guilty of the crime of "attempt," only if the jury found that the defendant engaged in such conduct for the purpose of compelling the defendant to submit to performance of the sexual act.

Compulsion is "physical force, a threat of physical force or a combination thereof which makes a person unable to physically repel the actor or which produces in that person a reasonable fear that death, serious bodily injury or kidnapping might be imminently inflicted upon that person or upon another human being." 17–A M.R.S.A. § 251(1)(E) (1981). As applied to the offense of gross sexual misconduct, that definition specifies any physical force or threat of physical force which puts a person to a choice "between acceding to the sexual activity or enduring threatened odious consequences." *Saucier,* 421 A.2d at 58; *see State v. Pierce,* 438 A.2d 247 (Me.1981).

■ By using the language "produces in that person a reasonable fear," the statute defining the underlying offense sets out a subjective-objective standard for the mental state *of the victim* in respect to the element of compulsion. As a general rule, the state of mind of the victim is not necessarily an element of the crime of "attempt." Where, however, as here, the substantial step toward the commission of the underlying offense of gross sexual misconduct may be the placing of the victim in a state of fear by the use of force or the threat of its use, such fear must be reasonable by an objective standard. Therefore, the subjective state of mind of the victim is here in issue as an element of an attempt to commit the underlying offense.

■ Any evidence that would tend to establish either that the victim actually felt no subjective state of fear or that such fear as he did feel was not reasonable by an objective standard, could be taken by the jury as negating the existence of any compulsion operating on the victim. If the jury found an absence of compulsion upon the victim resulting from the conduct of the defendant, it could not conclude that the conduct was "a substantial step" toward the

commission of the crime and a conviction of the defendant would not be properly possible.

Clearly, the victim's prior written statement that he was not put in fear may be considered as evidence of the absence of compulsion. It was relevant to a material issue of the State's case; the existence of compulsion. To the extent that such evidence was believed and given weight by the jury, it would prevent defendant's conviction. Accordingly, we find that the trial justice improperly excluded that evidence and that such exclusion is reversible error.

The entry is:

Judgment of conviction of attempted gross sexual misconduct vacated.

Remanded for further proceedings consistent with the opinion herein.

Judgment of conviction of assault and aggravated assault affirmed.

All concurring.