STATE of Maine

v.

Keith A. LYONS, Jr.

Supreme Judicial Court of Maine.

Argued Sept. 15, 1983.
Decided Oct. 18, 1983.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Tanous & Beaupain, Norman S. Heitmann (orally), Millinocket, for defendant.

Before McKUSICK, C.J., NICHOLS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

WATHEN, Justice.

After a jury trial, the Superior Court (Penobscot County) convicted defendant Keith A. Lyons, Jr. of unlawful sexual contact, 17–A M.R.S.A. § 255 (1983), and assault, 17–A M.R.S.A. § 207 (1983). On appeal defendant contends that the Superior Court erred in denying his motions for acquittal made at the close of the evidence

offered by the State and again at the close of all the evidence: first, because the State presented insufficient evidence of contact with the complainant's genitals; second, because the State presented insufficient evidence that any such contact was "for the purpose of arousing or gratifying sexual desire;" third, because the State presented insufficient evidence that the defendant is at least 3 years older than the complainant; and fourth, because the evidence was insufficient to prove beyond a reasonable doubt that defendant is guilty of assault and unlawful sexual contact. He also contends that the Superior Court erred in denying his motion for a new trial brought on the ground that one juror slept during part of the trial. We deny the appeal and affirm the judgments of conviction.

Unlawful sexual contact is defined as "any touching of the genitals, directly or through clothing ... for the purpose of arousing or gratifying sexual desire." 17–A M.R.S.A. § 251(1)(D) (1983). Defendant argues that because the State presented insufficient evidence of contact with the complainant's genitals, his motion for acquittal on that charge should have been granted. The 9 year old complainant testified that her assailant "put his 2 fingers on my private." The defendant contends that because the term "private" was never explained or defined, the State failed to establish a touching of the "genitals." We reject this argument.

The complainant testified that the defendant removed both her outer pants and her underpants before he touched her "private." Her testimony was corroborated by that of her 11 year old cousin, a witness to the incident. He testified that he saw that the complainant "had her pants down and he [the defendant] was touching her." When asked where the man was touching her, he responded "[b]etween the legs."

■ The children's testimony clearly permits the jury to conclude that a touching of the "genitals" occurred. Testimony need not include the term "genitals," but need only reflect that the children were in fact talking about genitals. *See State v. Burgoyne,* 452 A.2d 393 (Me.1982) (victim's use of the term "sexual intercourse" in her testimony, given the term's usual meaning, was sufficient to establish requisite element of "penetration").

■ The defendant next argues that the State produced insufficient evidence that any such touching was "for the purpose of arousing or gratifying sexual desire." In reviewing the denial of defendant's motion for acquittal based on insufficiency of the evidence this Court may reverse the verdict only when "no trier of fact rationally could find proof of guilt beyond a reasonable doubt." *State v. Flick,* 425 A.2d 167, 169 (Me.1981).

■ The definition of sexual contact excludes innocent contact which might occur, for example, in medical examinations or bathing. In *State v. Saucier,* 421 A.2d 57 (Me.1980) we stated that: "The 'purpose' clause of that definition reinforces the legislative goal of ensuring that innocent conduct is not treated as criminal." 421 A.2d at 59 n. 6. In the context of this case the jury was warranted in finding beyond a reasonable doubt that such touching was not "innocent" but rather was "for the purpose of arousing or gratifying sexual desire." *See also State v. Smith,* 394 A.2d 259, 262 (Me.1978) ("[t]he description given by the child victim as to the details of the incidents alleged to have been the unlawful sexual contact could not possibly permit any conclusion by a fact-finder but that such unlawful sexual contact was had for the purpose of arousing and gratifying the appellant's 'sexual desire.' ").

■ The defendant also contends that the State presented insufficient evidence that he was at least 3 years older than the 9 year old complainant.[1] In this regard de-

---

*1. 17–A M.R.S.A.* § 255(1)(C) (1983) provides as follows:

"A person is guilty of unlawful sexual contact if he intentionally subjects another person, not his spouse, to any sexual contact, and the

fendant seeks to test the sufficiency of the evidence as it existed at the conclusion of the State's case. Because defendant proceeded to offer evidence in his own behalf after his motion for acquittal was denied, a review of the evidentiary situation then existing is waived.[2] *State v. Bridges,* 413 A.2d 937, 940 n. 1 (Me.1980); *State v. Mann,* 361 A.2d 897, 906 (Me.1976); *State v. Morton,* 290 A.2d 371, 373 (Me.1972). In view of the fact that defendant testified on cross-examination that he was 22 years old, there can be no doubt as to the sufficiency of the evidence.

 The defendant challenges the sufficiency of the total evidence in support of both charges. Specifically, he attacks the credibility of the children and asserts that the jury did not weigh the alibi testimony given by his mother. The credibility issue, however, lies "within the exclusive province of the jury." *State v. Smith,* 456 A.2d 1 (Me.1983). *See also State v. Doughty,* 399 A.2d 1319, 1326 (Me.1979). We will not reverse the judgment where it is supported by sufficient evidence and the only issue is the credibility of the witnesses.

 Finally, the defendant argues that the Superior Court erred in denying his motion for a new trial brought on the grounds that a juror slept during the trial. Defendant's aunt was the sole witness at the hearing on the motion. She testified that she saw a juror whose "head was slouched down" and whose "eyes were shut." In response to the prosecutor's question: "You have no actual knowledge that he was not just listening with his eyes shut, do you," the defendant's aunt responded "No." She also testified that she did not know how long the juror's eyes remained shut but that "it could have been a couple

minutes." The witness' credibility is an issue to be determined by the presiding justice and we review only for an abuse of discretion. Even if the testimony of the aunt was found to be credible, it does not establish that the juror slept. The presiding justice had an opportunity to observe if any jurors were asleep and we note that neither the prosecutor nor the defense attorney objected during trial to the fact that a juror was sleeping.

 Even if we assume that the juror was asleep, to prevail on this motion defendant must establish that he was prejudiced by the juror's inattention. *See Cates v. Farrington,* 423 A.2d 539, 541 (Me.1980); *Daigle & Son, Inc. v. Stone,* 387 A.2d 1115, 1116–17 (Me.1978). Although the aunt testified that the incident occurred during the State's case in chief, there was no evidence that testimony was being introduced at the time. *See also State v. Farris,* 420 A.2d 928, 935–36 (Me.1980) (fact that trial justice had to wake up juror during prosecutor's closing argument does not establish that defendant's trial was an unfair one requiring setting aside of arson conviction).

The justice below did not abuse his discretion in denying the motion.

The entry must be:

Judgments of conviction affirmed.

All concurring.

---

other person has not in fact attained his 14th birthday and the actor is at least 3 years older."

2. The state's evidence alone would include the identification of defendant by witnesses for the state and the jury's observations of defendant's physical appearance. From these facts alone the jury could infer that defendant was more than 3 years older than the complainant. *See State v. Rowe,* 238 A.2d 217, 222 (Me.1968); *State v. Dorathy,* 132 Me. 291, 170 A. 506 (1934).