**STATE of Maine**

v.

**Gary C. MERRIFIELD, Jr.**

Supreme Judicial Court of Maine.

Argued June 8, 1984.

Decided Aug. 3, 1984.

---

William R. Anderson, David M. Spencer (orally), Asst. Dist. Attys., Belfast, for plaintiff.

Blake, Hazard & Carver, John L. Carver (orally), Dennis C. Hagemann, Belfast, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

After a jury trial in the Superior Court (Waldo County), the defendant, Gary Merrifield, was convicted of burglary, 17–A M.R.S.A. § 401 (1983), and of unlawful sexual contact, 17–A M.R.S. § 255 (1983). He contends on appeal that the evidence was insufficient to support his unlawful sexual contact conviction and that the trial court erred in refusing to instruct the jury on the definition of "genitals."[1] We affirm the judgments.

"Sexual contact" is defined by 17–A M.R. S.A. § 251(1)(D) (1983) as "any touching of the genitals, directly or through clothing, ... for the purpose of arousing or gratifying sexual desire." The defendant argues that the State failed to establish that a touching of the "genitals" had occurred or that such a touching, if proven, was "for

the purpose of arousing or gratifying sexual desire." We disagree.

The evidence is sufficient to support the defendant's conviction if we conclude that the trier of fact, after viewing the evidence with all reasonable inferences in the light most favorable to the prosecution, could rationally find the essential elements of the offense charged beyond a reasonable doubt. *State v. Rancourt,* 435 A.2d 1095, 1106 (Me.1981); *State v. Dudley,* 433 A.2d 711, 714 (Me.1981); *State v. Goyette,* 407 A.2d 1104, 1109 (Me.1979). At trial, the prosecutrix testified that on the night of October 10, 1982, she awoke to find someone in her bed, kissing her, and "grabbing [her] between the legs of [sic] [her] pubic area." She further testified that he had pulled down the bedcovers, and "was lying half on top of [her] and half on the bed," and his hands "were grabbing [her] by [her] pubic area trying to fondle [her]." While testimony concerning the touching might have been elicited with greater precision, we are satisfied that the jury could reasonably have inferred that there was contact with the victim's genitalia from evidence of groping in that general area in the circumstances described by the victim. *See State v. Lyons,* 466 A.2d 868, 870 (Me.1983) (testimony that the defendant touched the victim's "private" and touched her "between the legs" sufficient to establish a touching of the genitals); *see also State v. Howard,* 284 N.W.2d 201, 203 (Iowa 1979) (court could infer genital contact from testimony that pubic hair areas were rubbed together).

We also reject the defendant's argument that the evidence was insufficient to support a finding that the touching was "for the purpose of arousing or gratifying sexual desire." The alleged acts of getting

---

1. The defendant further asserted at oral argument that if his unlawful sexual contact conviction is vacated, the burglary conviction must also be overturned. He argued that if the prosecution could not establish the unlawful sexual contact, it similarly could not prove the intent to commit a crime at the time of entry necessary to support the burglary conviction. *See* 17–A M.R.S.A. § 401 (1983). Because we affirm the conviction for unlawful sexual contact, we do not address the merits of this argument.

into the victim's bed in the middle of the night, pulling down the bedcovers, lying half on top of the victim, kissing her, and grabbing her pubic area, if believed by the jury, clearly warranted a conclusion that the defendant made such contact for the purpose of arousing or gratifying his sexual desire. *See State v. Lyons,* 466 A.2d at 870 (from circumstances surrounding the touching, jury was warranted in finding that such touching was not "innocent" but rather was "for the purpose of arousing or gratifying sexual desire"); *State v. Smith,* 394 A.2d 259, 262 (Me.1978) ("[t]he description given by the child victim as to the details of the incidents alleged to have been the unlawful sexual contact could not possibly permit any conclusion by a fact-finder but that such unlawful sexual contact was had for the purpose of arousing and gratifying the appellant's 'sexual desire.' ").

 Finally the defendant asserts that the Superior Court erred in not instructing the jury as to the definition of "genitals." [2] We find no error. The jury instructions fairly and accurately explained every element of the crime of unlawful sexual contact. The term "genitals" is commonly understood and required no further explanation. *See State v. Seaburg,* 154 Me. 162, 178, 145 A.2d 550, 559 (1958) (failure to define "relationship" was not error). Indeed, the medical encyclopedia definition, proposed by the defendant on this appeal, that contains a description of the anatomical constituent parts of the genitals, would have had a tendency to confuse rather than enlighten the jury.

The entry is:

Judgments affirmed.

All concurring.

**2.** The defendant's counsel did not file a written request for such an instruction as permitted by M.R.Crim.P. 30(b) nor did he propound the definition he deemed appropriate. An oral request for a particular instruction made after the jury charge is not condoned. "Such belated requests frustrate the purpose of Rule 30(b) by depriving both the opposing party and the court of adequate opportunity to study the proposed instruction in advance and, in the case of the party, to frame objections thereto." *State v. Bennett,* 416 A.2d 720, 723 n. 3 (Me.1980).