**STATE of Maine**

v.

**George WEST.**

Supreme Judicial Court of Maine.

Argued Nov. 2, 1985.

Decided Feb. 6, 1986.

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Deputy Dist. Atty., Augusta, for the State.

Bourget & Bourget, Ronald W. Bourget, Norman C. Bourget (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

SCOLNIK, Justice.

George West appeals from a judgment entered on a jury verdict in the Superior Court (Kennebec County) convicting him of Attempted Unlawful Sexual Contact, 17–A M.R.S.A. § 152 (1983), a class D crime.[1] On appeal the defendant challenges the sufficiency of the indictment and the sufficiency of the evidence to sustain the conviction. Finding both the indictment and the evidence sufficient, we affirm the judgment.

## I.

West challenges the indictment, asserting that it does not set forth the particular offense attempted or an overt act that constitutes a substantial step toward its commission, and therefore fails sufficiently to inform him of the nature of the crime charged.

The indictment clearly identifies Unlawful Sexual Contact as the offense attempted. It tracks the language of 17–A M.R.S.A. 255(1)(C) (1983), alleging the intentional subjection of the victim to sexual contact, the relative ages of the defendant and the victim and the non-spousal nature of their relationship.[2] It is well settled that the particulars of the sexual contact need not be set forth in the indictment. *See*

---

1. The defendant was indicted for Attempted Gross Sexual Misconduct (Class B), 17–A M.R.S.A. § 152 (1983), for Unlawful Sexual Contact (Class C), 17–A M.R.S.A. § 255 (1983), and for Attempted Unlawful Sexual Contact (Class D), 17–A M.R.S.A. § 152 (1983). At the conclusion of the State's case, the presiding justice granted the defendant's motion for judgment of acquittal on the second count. The jury found the defendant not guilty of Attempted Gross Sexual Misconduct, but guilty of Attempted Unlawful Sexual Contact.

2. 17–A M.R.S.A. § 255(1)(C) provides:

A person is guilty of unlawful sexual contact if he intentionally subjects another person, not his spouse, to any sexual contact, and [t]he other person has not in fact attained his 14th birthday and the actor is at least 3 years older.

*State v. Bickford*, 497 A.2d 138 (Me.1985); *State v. Taplin*, 489 A.2d 1107 (Me.1985); *State v. Hebert*, 448 A.2d 322 (Me.1982). The first prong of defendant's argument is therefore without merit.

Regarding the defendant's second point relating to the indictment, we recognize that prior to the adoption of the Maine Criminal Code, proper pleading of a charge of attempt required the allegation of an overt act. *See State v. Miller*, 252 A.2d 321 (Me.1969); *State v. Michaud*, 150 Me. 479, 486, 114 A.2d 352, 355–56 (Me.1955). Because we conclude that the indictment before us contains a sufficient allegation of a specific overt act, we consider it unnecessary to decide whether post-Code criminal pleading requires such an allegation. The indictment charges that the defendant took a substantial step toward the commission of the crime of Unlawful Sexual Contact by "rubbing the [victim's] bottom in a sexual manner." [3] This description of the overt act, together with the language tracking the Attempt and Unlawful Sexual Contact statutes, serves the requisite functions of a charging instrument by first, adequately informing the defendant of the crime charged and the nature thereof; and second, by providing a basis, if necessary, for a plea of former jeopardy. *See State v. Bickford*, 497 A.2d at 139–40; *State v. Charette*, 159 Me. 124, 126, 188 A.2d 898, (1963); *see also* 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 7.2 (1985). We therefore conclude that this indictment sufficiently apprised the defendant of an overt act upon which the prosecution was relying to demonstrate the firmness of the defendant's intent to commit the crime of Unlawful Sexual Contact. *See* 17–A M.R. S.A. § 152(1).

## II.

West argues the evidence was insufficient to show beyond a reasonable doubt that he took a substantial step toward the commission of Unlawful Sexual Contact, particularly because there was no testimony of a touching of the victim's genitals. We disagree.

To sustain a conviction for criminal attempt, it is necessary to prove "an overt act constituting a substantial step toward the commission of the crime." *State v. Powers*, 386 A.2d 721, 726 (Me.1978). We further stated in *Powers* that

[t]he overt act must in the eyes of the actor be adapted to or suitable for the purpose and must have reached far enough toward the accomplishment of the desired result that in the ordinary and likely course of things, given the contemporaneous intent to consummate the criminal act, the perpetrator would be in a direct unequivocal movement toward the commission of the offense.

*Id.; see also State v. Ring*, 387 A.2d 241, 242 (Me.1978).

Nothing will be accomplished by a detailed recitation of the unsavory facts that gave rise to the charges in this case. After a careful review of the record, however, we conclude that the testimony of the defendant's wife and her sister, describing the defendant's conduct toward his two-year-old daughter and the child's behavior showing that she had experienced sexual contact, constitutes sufficient circumstantial evidence from which a jury rationally could find a sexual relationship between the defendant and the victim. In these circumstances, the defendant's conduct in removing all of his clothing except his shirt, climbing into bed with his daughter, turning toward her, and either moving his hand "over towards her" or placing it on her is strongly corroborative of the firmness of his intent to complete the commission of the crime of unlawful sexual contact. *See* 17–A M.R.S.A. § 152(1); *cf. State v. Stoddard*, 289 A.2d 33 (Me.1972). Although the defendant's account of his relationship with the victim and the events giving rise to the

---

**3.** Contrary to the defendant's contention, *State v. King*, 371 A.2d 640 (Me.1977), in which the indictment, couched in the language of the forgery statute, did not fully set out the offense or the specific acts necessary to sustain the conviction, is distinguishable.

indictment differs substantially from that of his wife, the issue of witness credibility is the sole province of the jury. *See State v. Lyons,* 466 A.2d 868, 871 (Me.1983). Viewing the evidence in the light most favorable to the State, we conclude that the jury could rationally have found beyond a reasonable doubt that the defendant engaged in conduct that constituted a substantial step toward the commission of an unlawful sexual contact. *See State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.