STATE of Maine

v.

Michael LONG.

Supreme Judicial Court of Maine.

Argued March 20, 1990.

Decided April 17, 1990.

Mary Tousignant, Dist. Atty., Anne Jordan (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Rodney A. Shain, Jr. (orally), Law Offices of Charles Nickerson, Sanford, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

Michael Long appeals from the judgment of the Superior Court (York County, *Brodrick, J.*) entered on a jury verdict finding him guilty of attempted kidnapping, 17–A M.R.S.A. §§ 152, 301 (1983 & Supp.1989), on the grounds that the indictment charging him with that crime was defective and that insufficient evidence was presented to support his conviction. Because we agree with Long's contention that the evidence of attempted kidnapping is insufficient, we vacate that conviction.[1]

On January 31, 1989, the victim, a fifteen-year-old resident of Lebanon, was accosted by Long as she walked along a side road in that town on her way home from her parents' nearby clothing store. Long, who was driving a large red car, pulled alongside her and asked for directions. When Long returned a few minutes later under the pretense of asking further directions, the girl drew closer to the car until Long, who sat behind the wheel exposing himself, reached out through the fully-opened window and grabbed the girl's shirt. He pulled her toward him until she finally broke free of his grasp and fled. Long did not pursue the girl and drove away. Throughout the incident that lasted only seconds, Long told the girl of the "sexual things" he wanted her to do and threatened to harm her if she reported the incident. The girl identified Long in a photo array a few days later. He was subsequently convicted of the three counts for which he was indicted: attempted kidnapping, 17–A M.R.S.A. §§ 152, 301; assault, 17–A M.R.S.A. § 207 (1983); and public indecency, 17–A M.R.S.A. § 854 (1983 & Supp.1989). Long has appealed only the conviction for attempted kidnapping.

In order to be guilty of criminal attempt an individual must undertake a substantial step toward the commission of the underlying substantive crime while acting with the requisite degree of culpability and the intent to complete the crime.

---

1. We decline to address Long's additional ground for appeal, that of a defective indictment.

*State v. West,* 504 A.2d 622, 624 (Me.1986); *State v. Powers,* 386 A.2d 721, 726 (Me. 1978); 17–A M.R.S.A. § 152(1) (1983). The substantive offense at issue, kidnapping, is defined at 17–A M.R.S.A. § 301.[2] Although there was ample evidence to allow a jury to conclude that Long had the intent to inflict bodily injury upon the girl, *id.* § 301(1)(A)(3), to subject her to sexual contact defined as criminal in chapter 11, *id.,* or to terrorize her, *id.* § 301(1)(A)(4) (identified by the State in a bill of particulars as the crimes it aimed to prove Long intended to commit in the kidnapping), the evidence is insufficient on Long's intent to restrain the girl within the meaning of section 301(2).

 Because Long's contact with the girl transpired at neither her residence, place of business or a school, *see* 17–A M.R.S.A. § 301(2)(A), in order to convict him of attempted kidnapping, the State was required to prove that Long intended to restrain[3] the girl for a "substantial period" or to move her a "substantial distance" from the side street in Lebanon where he confronted her. 17–A M.R.S.A. § 301(2)(B), (C). Restraint has been defined in a manner "designed to limit [section 301's] application to conduct which, apart from other crimes that may have been committed in the same episode, is culpable in and of itself." *State v. Bunker,* 436 A.2d 413, 417 (Me.1981). Such an approach precludes a separate conviction for kidnapping, a felony, based upon conduct that merely facilitates the commission of other crimes. *Id.;* 17–A M.R.S.A. § 301 comment. Here, the only evidence presented on Long's intent to restrain the girl was that he grasped her by the shirt and pulled her toward the car. That evidence, without more, is insufficient to support a finding beyond a reasonable doubt that Long, had he succeeded in getting the girl into the car, intended to restrain her for a substantial period or to move her a substantial distance. 17–A M.R.S.A. § 301(2)(B), (C); *State v. Estes,* 418 A.2d 1108, 1113 (Me. 1980). Although there may have been sufficient evidence of Long's intent to restrain the girl to facilitate an indecent exposure or a sexual assault that he might have perpetrated had she not escaped and fled, that restraint was "merely incidental" to another offense and, therefore, an insufficient basis for a conviction for attempted kidnapping. *Cf. Bunker,* 436 A.2d at 417; *Estes,* 418 A.2d at 1113. Though the removal or confinement for the purpose of committing another such crime may, in some instances, be sufficient to support a conviction for kidnapping, *see Bunker,* 436 A.2d at 417; *Estes,* 418 A.2d at 1113, the evidence presented here was insufficient to permit a jury rationally to conclude beyond a reasonable doubt that Long had committed the crime of attempted kidnapping. *State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

**2.** Section 301 provides that "[a] person is guilty of kidnapping if either:"
 **A.** He knowingly restrains another person with the intent to
 (1) hold him for ransom or reward;
 (2) use him as a shield or hostage;
 (3) inflict bodily injury upon him or subject him to conduct defined as criminal in chapter 11;
 (4) terrorize him or a 3rd person;
 (5) facilitate the commission of another crime by any person or flight thereafter; or
 (6) interfere with the performance of any governmental or political function; or
 **B.** He knowingly restrains another person:
 (1) under circumstances which, in fact, expose such other person to risk of serious bodily injury; or

 (2) by secreting and holding him in a place where he is not likely to be found.

**3.** " 'Restrain' means to restrict substantially the movements of another person without his consent or other lawful authority by:"
 **A.** Removing him from his residence, place of business, or from a school; or
 **B.** Moving him a substantial distance from the vicinity where he is found; or
 **C.** Confining him for a substantial period either in the place where the restriction commences or in a place to which he has been moved.
17–A M.R.S.A. § 301(2).

The entry is:

Conviction on Count I vacated and re-manded for entry of judgment of acquittal.

All concurring.