STATE of Maine

v.

Annette SPRAGUE

and

Cheryl McFarland.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 1, 1990.
Decided Dec. 3, 1990.

Greg N. Dorr, Asst. Dist. Atty., Wiscasset, for plaintiff.

Richard W. Elliott, II, Boothbay Harbor, for defendants.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Defendants Annette Sprague and Cheryl McFarland appeal from judgments entered in the Superior Court (Lincoln County, *Lipez, J.*) after each was found guilty by a jury of obstructing government administration in violation of 17–A M.R.S.A. § 751 (1983).[1] In particular, they challenge the sufficiency of the complaints to charge the offenses and the sufficiency of their identifications to support the verdicts. Finding no error, we affirm the judgments.

In the early morning hours of August 12, 1989, two women interfered with Officer Scott Sutter of the Boothbay Harbor Police Department as he attempted to arrest a man for assault. Although Officer Sutter saw the women clearly, he did not know their identities at the time. Cathy Tibbetts, a part-time police matron who witnessed the incident, recognized one of the women as Sprague. She learned McFarland's identity a few days later.

Complaints for obstructing government administration were filed against the defendants,[2] and warrants issued for their arrest. At their respective arraignments, Sprague and McFarland pleaded not guilty. The court appointed the same counsel to represent both defendants. They requested a jury trial, and their cases were consolidated without objection. After the trial, a jury found each of them guilty as charged.

The defendants filed a motion to arrest judgment pursuant to M.R.Crim.P. 34 on the grounds that the complaints failed to allege facts sufficient to charge the offenses and that the court therefore lacked jurisdiction of the offenses charged. They also moved for judgment of acquittal pursuant to M.R.Crim.P. 29 on the ground that the State failed to identify either defendant sufficiently to support a guilty verdict. The court denied both motions, prompting this appeal.

■ Sprague and McFarland argue on appeal that the court erred in denying their motion to arrest judgment because the complaints failed to charge obstructing government administration sufficiently to apprise them of the essential facts. Specifically, the defendants contend that the complaints were fatally defective as charging instruments in that they should have contained facts "particular to this case" rather than "[m]ere recitation of the statute."

■ M.R.Crim.P. 3(a) requires only that the complaint "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." A complaint passes constitutional muster

if it contains such plain, concise, and definite allegations of the essential facts constituting the offense *as shall adequately apprise a defendant of reasonable and normal intelligence of the act charged, enabling him to defend himself and, upon conviction or acquittal, to make use of the judgment as the basis for a plea of former jeopardy,* should the occasion arise.

*State v. Carter,* 444 A.2d 37, 39 (Me.1982) (emphasis added). Where a complaint meets this test, it does not become insufficient because it charges in the words of the statute. *State v. Spearin,* 477 A.2d 1147, 1157 (Me.1984). A complaint that "follows

---

1. 17–A M.R.S.A § 751(1) (1983) provides: "A person is guilty of obstructing government administration if he uses force, violence, intimidation or engages in any criminal act with the intent to interfere with a public servant performing or purporting to perform an official function."

2. Each complaint stated that

on or about August 12, 1989, in the town of Boothbay Harbor, Lincoln County, Maine, the above named defendant did:

use force, violence or intimidation with the intent to interfere with a public servant, namely Boothbay Harbor Police Officer Scott Sutter, who was performing or purporting to perform an official function, namely the arrest of Jeffrey C. Clifford.

precisely the statutory language, understood according to its natural import, is an appropriate method of criminal pleading where the statute sufficiently sets out the facts which constitute the crime." *State v. Snow*, 464 A.2d 958, 961 (Me.1983).

Although the complaints could have been more factually specific, we are nonetheless satisfied that the allegations of the use of "force, violence or intimidation with intent to interfere with ... Officer Scott Sutter" as he attempted to make an arrest were sufficient to apprise the defendants of the acts with which they were charged. The defendants have no cause to complain that they were "uninformed or confused about the nature of the charges against [them]." *State v. Saucier*, 421 A.2d 57, 58 (Me.1980).

■ Sprague and McFarland also contend that the court erred in denying their motion to acquit. They argue that neither of them was sufficiently identified in court to support a conviction by the jury. Contrary to the defendants' contentions, the record discloses that the testimony of Officer Sutter and Police Matron Tibbetts was sufficient to identify Sprague and McFarland so that the jury rationally could have found beyond a reasonable doubt that each defendant committed the offense charged. *See State v. Barry*, 495 A.2d 825, 826 (Me. 1985).

Accordingly, we find no error in the court's denial of the defendants' motions to arrest judgment and to acquit.

The entry is: Judgments affirmed.

All concurring.