STATE of Maine,

v.

David TAYLOR.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 23, 1995.

Decided July 6, 1995.

David W. Crook, Dist. Atty., Alan P. Kelley, Deputy Dist. Atty., Augusta, for State.

C.H. Spurling, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

David Taylor appeals from judgments of conviction for attempted kidnapping, 17–A M.R.S.A. §§ 152, 301 (1983), and attempted gross sexual assault, 17–A M.R.S.A. §§ 152, 253 (1983 & Supp.1994), entered in the Superior Court (Kennebec County, *Marsano, J.*) following a jury waived trial. On appeal, Taylor contends that (1) the trial court erred in allowing the victim to testify as to Taylor's state of mind, (2) there was insufficient evidence to support a conviction for attempted kidnapping, and (3) there was insufficient evidence to support a conviction for attempted gross sexual assault. We affirm the conviction for attempted gross sexual assault. Because, however, we agree with Taylor's contention that the evidence of attempted kidnapping is insufficient, we vacate that conviction.

The evidence at Taylor's trial revealed the following. After midnight on the night of July 21, 1991, the victim was walking along Route 201 in Hallowell when a man in a silver pickup truck stopped and asked her if she needed a ride. She declined, and observed the truck drive up the road, turn around, drive back past her, and pull into a dirt road a short distance behind her. A short while later, she heard a snap as she was walking past a graveyard. Taylor walked out from behind a bush and approached her. She recognized him as the same man who was driving the truck. Taylor asked her if she had a cigarette, and she said no. After a car passed, Taylor looked around, grabbed the victim by the neck, and dragged her into the graveyard. As he was dragging her, Taylor sprayed the victim in the face with a substance similar to mace.

The victim screamed as Taylor dragged her approximately twenty feet to the second row of gravestones. Taylor then got on top of the victim and hit her head against a gravestone. With one arm holding her down, he ripped at her shirt and pants with his other arm. Taylor tore the victim's shirt and brassiere partially off. He also ripped at the button and zipper of her jeans. During this entire time, the victim was screaming, struggling, and scratching Taylor. The victim testified that she "went nuts" because she did not want Taylor to rape her. She further testified that based on his actions, there was no question in her mind as to what he was doing. While Taylor was ripping at the victim's pants, someone yelled at him to leave her alone. Taylor then got up and ran away.

The trial court subsequently found Taylor guilty of all three counts in the indictment: attempted kidnapping, attempted gross sexual assault, and assault. In this appeal, Taylor does not challenge his conviction for assault.

**I.**

■ Taylor contends that the trial court erred in allowing the victim to testify that there was no question in her mind that he intended to rape her. He contends that her statements were speculative and in violation of M.R.Evid. 602 [1] because she could have no

---

1. M.R.Evid. 602 provides in pertinent part:

A witness may not testify to a matter unless evidence is introduced sufficient to support a

personal knowledge of what she asserted. Contrary to Taylor's contention, however, the victim was testifying as to her *own* state of mind and was providing a rationale for why she "went nuts" and grabbed Taylor in the groin when he was on top of her. Her answer was not impermissible speculation as to Taylor's state of mind, but rather an explanation of her own thoughts and actions based on what it appeared to her that Taylor was doing.

■ In a case such as this, the victim's state of mind is relevant. We previously have stated:

> As a general rule, the state of mind of the victim is not necessarily an element of the crime of "attempt." Where, however, as here, the substantial step toward the commission of the underlying offense of gross sexual misconduct may be the placing of the victim in a state of fear by the use of force or the threat of its use, such fear must be reasonable by an objective standard. Therefore, the subjective state of mind of the victim is here in issue as an element of an attempt to commit the underlying offense.

*State v. Benson,* 453 A.2d 132, 134 (Me.1982). Placing the victim in fear by the use of force constitutes a substantial step toward the commission of gross sexual assault, and makes relevant the victim's fear that she was going to be raped. *See* 17–A M.R.S.A. §§ 253(1)(A), 251(1)(E) (Supp.1994).[2] The Superior Court did not err by allowing the victim's statement.

## II.

■ Taylor next contends that the evidence cannot support a conviction for attempted kidnapping because there is insufficient evidence that he had the specific intent to remove the victim a substantial distance from where she was found. We agree.

■ To be guilty of criminal attempt, the defendant must take a substantial step toward the commission of the crime while acting with the requisite culpability and intent to commit the underlying substantive offense. *State v. Long,* 577 A.2d 765, 765–66 (Me.1990); 17–A M.R.S.A. § 152(1) (1983).[3] To sustain a conviction for the underlying crime of kidnapping, the State must prove, *inter alia,* that the defendant knowingly restrained the victim. "Restrain" is defined in part as moving the victim a substantial distance or confining the victim for a substantial period of time. 17–A M.R.S.A. § 301(2).

■ In *State v. Bunker,* 436 A.2d 413 (Me.1981), we emphasized the significance of the requirement that the victim be moved a substantial distance or confined for a substantial period of time for there to be restraint within the meaning of section 301(2)(B) and (C). Those elements are sufficiently meaningful to minimize the risk that section 301 will be used to prosecute a defendant for kidnapping in cases that are more properly classified as robberies or rapes, and the movement or the confinement of the victim are merely incidental to the commission of the crimes. *Bunker,* 436 A.2d at 416–17; *see* 17–A M.R.S.A. § 301 comment (1983) (the restrictions in the kidnapping statute

---

finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself.

**2.** 17–A M.R.S.A. § 253 (Supp.1994) provides in pertinent part:

> 1. A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:
>   A. The other person submits as a result of compulsion, as defined in section 251, subsection 1, paragraph E.
>
> 17–A M.R.S.A. § 251(1)(E) (Supp.1994) provides in pertinent part:
>
> "Compulsion" means the use of physical force, a threat to use physical force or a combination

thereof that makes a person unable to physically repel the actor or produces in that person a reasonable fear that death, serious bodily injury or kidnapping might be imminently inflicted upon that person or another human being.

**3.** 17–A M.R.S.A. § 152(1) (1983) provides:

> A person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, he engages in conduct which, in fact, constitutes a substantial step toward its commission. A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.

that the defendant move the victim a substantial distance or confine the victim for a substantial period of time are important in limiting the circumstances in which the offense is applicable). Our kidnapping statute does not create a separate offense for moving a victim when it is merely incidental to the commission of another crime. *Bunker,* 436 A.2d at 417.

We applied this principle in *Long,* and vacated the defendant's conviction for attempted kidnapping because there was insufficient evidence to find that the defendant intended to "restrain" the victim. *Long,* 577 A.2d at 766. In *Long,* the defendant, while sitting in a car with the window down, grabbed the victim's shirt, pulled her toward him, and told her of the "sexual things" he wanted to do with her. The victim, however, pulled away from the defendant, and the incident lasted only seconds. *Id.* at 765. We stated that

> [a]lthough there may have been sufficient evidence of Long's intent to restrain the girl to facilitate an indecent exposure or a sexual assault that he might have perpetrated had she not escaped and fled, that restraint was 'merely incidental' to another offense and, therefore, an insufficient basis for a conviction for attempted kidnapping.

*Id.* at 766.

■ In the present case, the trial court found that Taylor intended to take the victim away but was foiled by the victim's surprising resistance. The standard to determine if the evidence at trial was sufficient to support the verdict is "whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry,* 495 A.2d 825, 826 (Me.1985). We will vacate a factfinder's verdict only when a trier of fact could not rationally find each of the elements of the charged offense beyond a reasonable doubt. *State v. Tai,* 629 A.2d 594, 595 (Me.1993).

In this case, even when viewing the evidence in the light most favorable to the State, there is insufficient evidence on which to base a finding beyond a reasonable doubt that Taylor intended to restrain the victim by either moving her a substantial distance or confining her for a substantial amount of time. Even if we assume that Taylor was dragging the victim toward his vehicle, the conclusion that he intended to move her a "substantial distance" pursuant to section 301(2)(B) is not warranted. Without some evidence of a planned destination, or a showing that Taylor intended to transport the victim a substantial distance once he got her into his truck, there is insufficient evidence to support his conviction for attempted kidnapping.

### III.

■ Finally, Taylor contends that the evidence is insufficient to support his conviction for attempted gross sexual assault because there is no evidence, other than the speculation of the victim, that he intended to commit a "sexual act" as it is defined.[4] He argues that in the absence of him taking off her pants, touching her genital area through her clothing, or making a statement indicating an attempt to have sexual contact with her, there is insufficient evidence of an attempt to commit a "sexual act." We disagree.

■ The factfinder may infer the defendant's state of mind from his objective conduct. *State v. McEachern,* 431 A.2d 39, 42 (Me.1981); *State v. Westphal,* 349 A.2d 168, 171 (Me.1975). It was reasonable for the trial court to infer that Taylor was intentionally attempting to engage in a sexual act with the victim from Taylor's actions in dragging the victim into the graveyard, forcing her onto her back, getting on top of her, trying to subdue her by hitting her head against a gravestone, tearing at her shirt and brassiere, and ripping at the button and zipper of her pants. Viewing the evidence in the light most favorable to the State, all the elements

---

4. A "sexual act" is defined, in pertinent part, as "[a]ny act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other." 17-A M.R.S.A. § 251(1)(C)(1) (Supp.1994).

of attempted gross sexual assault are present.

Although we affirm the conviction for attempted gross sexual assault, Taylor's sentence for that offense was imposed by the court in light of his conviction for attempted kidnapping. Because we vacate the conviction for attempted kidnapping and remand for entry of a judgment of acquittal on that count, Taylor should be resentenced for his conviction for gross sexual assault. *State v. Thornton*, 540 A.2d 773, 777 (Me.1988) (all sentences vacated because of their necessary interrelation).

The entry is:

Conviction on Count I vacated. Conviction on Count II affirmed. Remanded for entry of judgment of acquittal on Count I and for resentencing on Count II.

All concurring.

LIPEZ, Justice, concurring.

Although I agree with the Court's conclusion that there is insufficient evidence to support Taylor's conviction for attempted kidnapping, I write separately because I take a different view of the nature of that insufficiency. If there were evidence before the trial court that the defendant was dragging the victim through the graveyard to his truck on a nearby road, there would not have to be additional evidence that Taylor intended to transport the victim a substantial distance once he got her into his truck. Rather, the trial court could rationally draw the inference that Taylor was dragging her to the truck in order to transport her a substantial distance from the scene. His effort in dragging the victim such a distance would be both a substantial step toward the commission of the crime of kidnapping and a powerful indication of his intent to remove her a substantial distance from the scene. No other explanation of that effort would make much sense. In my view, the insufficiency of the evidence relates to the lack of evidence that the defendant was dragging the victim towards his truck.

According to the testimony of the victim, after she was dragged a distance of approximately 20 feet from the street to the second row of stones in the graveyard, the defendant in rapid succession sprayed her with a chemical substance, pushed her to the ground, got on top of her, banged her head on the base of a stone monument, and tried to rip off her blouse and pull down her pants. An attempted sexual assault that begins almost immediately in the graveyard is inconsistent with an intent to drag the victim a considerable distance through the graveyard to a truck on a nearby road, and drive away from the scene. For that reason, the attempted kidnapping conviction must be vacated.